Seevers v. Delashmutt.

## SEEVERS v. DELASHMUTT.

1. A MORTGAGEE A PURCHASER. A mortgagee of real estate is a purchaser within the meaning of the recording laws of the State.
2. JUDGMENT CREDITOR NOT A PURCHASER. A judgment creditor is not a purchaser; and a judgment lien will not hold over a prior unrecorded mortgage.

*Appeal from Mahaska District Court.*

THURSDAY, OCTOBER 11.

ACTION OF RIGHT. The material facts are stated in the opinion of the court.

*Seevers, Williams & Seevers* for the appellant, contended that this is not a controversy between a purchaser and lienholder; that the question to be determined is, which has a priority of lien. To the point that the title of a purchaser at a sheriff's sale relates back to, and takes effect from, the

Seevers v. Delashmutt.

date of the judgment under which he purchased, counsel cited, *Conrad* v. *The Atlantic Insurance Company*, 1 Pet. 386; *Smith* v. *Allen*, 1 Blackf. 22; *Jackson* v. *Noah*, 15 Johnson 309; *Woods* v. *Mains*, 1 G. Greene 275, to the point that a judgment lien is preferred to that of an unrecorded mortgage, *Hopping* v. *Burnam*, 2 G. Greene 39; *Mahan* v. *Coombs & Parker*, 14 Ohio 428; *Staresett* v. *Roberts*, 13 Ib. 148; *Helm* v. *Logan*, 4 Bibb. 78; *Graham* v. *Samuels*, 1 Dana 166; *Bank of Cleveland* v. *Sturges*, 2 McLean 341; *McGee* v. *Beaty*, 8 Ohio 396; *Sigourney* v. *Larnard*, 8 Pick. 72; *Coffin* v. *Ring*, 11 Met. 212.

*Z. T. Fisher* for the appellee, contended that an unrecorded mortgage is preferred to a judgment lien, citing *Lake* v. *Donald, et al*, 10 Ohio 415, 425; *Bank of Muskingum* v. *Carpenter's Administrators*, 7 Ib. 21; *Norton, Jewett & Busby* v. *Williams*, 9 Iowa 528.

LOWE, C. J.—This cause was submitted to, and tried by the court who found and reported the following facts as making up the history of the case:

1. That A. M. Cassady was the owner of the land in dispute, on the 7th day of March, 1857.

2. That Kilbourne and Davis obtained a judgment against the said Cassady, before a justice of the peace; and a transcript of said judgment was filed in the office of the clerk of the District Court of Mahaska county, on the 16th day of March, 1857, and on that day a judgment was entered up by the said clerk in his judgment docket, from which date said judgment was duly entered of record in said court.

3. That on the 3d day of February, 1858, an execution was duly issued on said judgment, which was levied on the property in dispute, and by virtue of said execution and levy it was sold to the plaintiff, and a sheriff's deed duly executed on the 28th day of March, 1859, conveying said property to the plaintiff, which deed was duly filed for record on the day last aforesaid.

4. That A. M. Cassady and wife, on the 7th day of March, 1857, executed to the defendant a mortgage deed on the property in dispute, which was duly recorded on the 21st day of March, 1857.

5. That at the April term of said court, 1858, said mortgage was foreclosed and a judgment was rendered thereon upon the 6th day of April, 1858; that on said judgment of foreclosure a special execution was issued on the 28th day of May, 1858; and on the same day was levied upon the mortgaged property, and on the 10th day of July following, the premises were sold by the sheriff to the defendant, who made him a deed for the same, which was duly recorded July, 23d, 1859.

6. That no other parties were made defendants to the petition to foreclose said mortgage except the said Cassady and wife.

Upon the foregoing facts, the court held that the plaintiff could not recover, and the proceedings were dismissed with costs, &c. This was an action of right, and the question recurs whether the court below erred in his application of the law to the foregoing facts.

In the case of *Porter, et al,* v. *Green, et al,* 4 Iowa 571, it was held that a mortgagee of real estate is a purchaser within the meaning of our recording laws; not, perhaps, that he held the legal title to the extent or in the same manner that a purchaser does, but that he has rights under his mortgage which are protected by the registry laws of this State, in the same way as are the rights of purchasers. If this is not so, then we have no registry law applicable to mortgages and the rights of parties to such instruments would be unprotected against the conflicting or intervening rights of third persons.

But our recording acts do embrace mortgages and all other instruments affecting real estate, and afford protection to the parties, provided they are duly executed, acknowledged and recorded as prescribed by law.

Now, how is it with the plaintiff in this suit? He obtained, it is true, a judgment without notice, which took effect as a lien on the property in controversy, but this did not make him a purchaser, nor give him a preference over prior equities or unrecorded mortgages, simply because our registry laws do not protect judgment creditors as they do purchasers When he afterwards became a purchaser at sheriff's sale under his judgment he did so with notice of defendant's mortgage; and thus being affected with notice, he was not a *bona fide* purchaser. Had he regarded this notice he would not have purchased, and thus unnecessarily have incurred the hazard of loss.

Under the recording acts of 1843, the plaintiff would have been brought within the rule laid down in the case of *Tuthill* v. *Brown*, 1 G. Greene 189, and of *Martin* v. *Dryden, et al*, 1 Gil. 217, because those acts placed a subsequent purchaser and a judgment creditor without notice on the same footing and protected each alike against prior unrecorded equities. But the Code has materially changed the recording acts, and hence the authorities no longer apply, nor do the other authorities referred to by plaintiff's counsel, from Ohio, Pennsylvania, Massachusetts, Kentucky and Tennessee, for the reason that they are founded upon express legislative enactments to the effect that judgments shall be preferred to unrecorded mortgages and deeds, or that such instruments possess no validity until after they are recorded.[1]

Judgment affirmed.