PACKARD v. KINGMAN, et al.

| 11 | 219 |
|---|---|
| 105 | 30 |
| 11 | 219 |
| 131 | 410 |

1. FORECLOSURE OF CHATTEL MORTGAGE. The foreclosure of a chattel mortgage is a subject of equity jurisdiction.
2. DISCHARGING MORTGAGE. The taking of a new note and mortgage on personal property to secure an indebtedness already evidenced by a note and secured by a mortgage on the same property, does not, even where the first note and mortgage are cancelled operate to discharge the lien of such first mortgage.

*Appeal from Dubuque City Court.*

FRIDAY, OCTOBER 19.

ON the 10th day of September, 1856, Kingman & Smith

executed and delivered to one Horner a mortgage on personal property, to secure certain notes amounting to $14,000. Horner, on the same day, assigned the notes and mortgage to one Findley. On the 24th of December, 1858, there was due and owing to said Findley, $2,820,42; and in consideration thereof, and of Findley's agreeing to give further time of payment, said Kingman & Smith on that day executed and delivered two notes for said balance, one for $500, and the other for $2,320,42, payable in three and six months, and executed a mortgage on the property included in the prior one to secure said two notes. At the same time, the notes made to Horner, and remaining unpaid, were cancelled by said Findley. The $500 note was paid, and a portion of the remaining note being unpaid, Packard, the owner thereof, by assignment from Findley, files this his bill in equity, asking judgment for the balance, as also for a sale of the mortgaged property and the foreclosure of the equity of redemption of said mortgagors, and to cut off any interest which the defendant Young, may have, which interest arises in this way:

On the 22d day of December, 1858, and prior thereto, he was the owner of the Julien House, in the city of Dubuque, in which the property mortgaged was used during the term hereinafter named. On that day he leased the said house to Kingman & Smith for one year, for a certain rent, payable monthly. They moved into the house on that day and took with them the property previously mortgaged to Horner. On the 15th day of December, 1859, Young filed his petition against K. & S., in the Dubuque District Court, praying judgment and a landlord's lien, for the rent due, upon the property used on the premises, as also an attachment. Such proceedings were had that said Young recovered judgment for a balance of rent due, and an order enforcing his said lien. February 25th, 1860, an execution issued on this judgment, which was levied upon this property. The petition in this case was filed January 27, 1860.

The respondents, Kingman & Smith, demurred to the petition, which demurrer was overruled, and they made no further appearance. Young answered, and from the bill, his answer and the replication, the facts appéar substantially as above stated. Complainant had judgment for the balance due on his note; an order for a special execution against the property mortgaged; and a further order, in effect postponing the claim of said Young, until the balance of said mortgage debt was paid. Respondents all appeal.

*Wilson, Utley & Doud* for the appellants.

I. To maintain an equitable action when the matter is clearly or *prima facie* of legal cognizance, the complainant must show that a legal remedy can not be had at law. *Haywood* v. *Buffalo*, 4 Ker. 534; Mit. Ch. Pl. 1, 6, 8; 1 Smith's Ch. Pr. 1–4.

II. When there is an adequate remedy at law, no aid can be had in equity. 16 Georgia 440 and 541; 1 Ohio 591; 20 Ala. 389; 14 Shaw & Maclean 194; *Johnson* v. *The Connecticut Bank*, 21 Conn. 148; *Whittington* v. *Sumneral*, 20 Geo. 345; *Coughran* v. *Swift*, 18 Ill. 414; 17 Cow. (U. S.) 130; *Harrington* v. *Crebbage*, 3 G. Greene, 307; *Clausen* v. *La Franz*, 4 Ib. 224; *Brainard* v. *Molsaple*, 4 Ib. 485; *Piggott* v. *Addicks*, 3 Ib. 427.

III. The mortgagee of personal property is the owner, the mortgage operating to transfer the whole interest; (Code, section 1210) and so absolute is his interest in the thing mortgaged, that the mortgagor can not, by tendering the debt, entitle himself to an action of trover against the mortgagee, after condition forfeited. *Raglus* v. *Trader's Bank*, 6 Paige Ch. R. 583; *Brown* v. *Bement & Strong*, 8 John 96; *Ackly* v. *Finch*, 7 Cow. 290; *Langdon* v. *Buell*, 9 Wend. 80; *Patchen* v. *Pierce*, 12 Ib. 61; Powell on Mort. 1041; 1 Ves. Sr. 278; *Fallott* v. *De Forest*, 3 G. Greene 586.

IV. Proceedings in equity to foreclose a chattel mortgage, when commenced after forfeiture, will be dismissed when it

appears that the mortgage property may be sold without judicial proceedings.   *Tackwood* v. *Lever*, 2 Atk. 303 ; *Hart* v. *Ten Eyck*, 2 John Ch. 62 and 99 ; *Patchen* v. *Pierce*, *supra*, 2 Denio 170 ; *Case* v. *Broughton*, 11 Wend. 107.   An equity of redemption of personal property can hardly be said to exist.   2 Hilliard Mort. 277.

V. The mortgage to Findley contained an express power to sell.   The mortgagee could also bring his action at law on the note, and have an execution on his judgment against the mortgage property.   See authorities *supra*.

VI. "Without any bill to redeem, the creditor, on a pledge or mortgage of chattels, may sell at auction, on giving reasonable opportunity to the debtor to redeem, and apprising of the time and place of sale, and this is the more convenient and usual practice."   4 Kent. Com. 142 ; *Tucker* v. *Wilson*, 1 P. W. 261 ; 1 Brown's Parliamentary cases 494, (ed. of 1784;) *Johnson* v. *Vanum*, 1 Bailey's R. ; *Perry* v. *Graig*, 3 Mo. 516.

VII. The defendants are not all affected in any capacity or relation growing out of the same subject matter.   *Gammel* v. *Young*, 3 Iowa 297 ; *Powell, et al*, v. *Spalding, et al*, 3 G. Greene 443 ; *De Louis* v. *Meek*, 2 Ib. 55 ; Story's Eq. Pl. sections 530, 539 ; 3 Scam. 206 ; 5 Paige 566 ; 6 John Ch. 150.

VIII. The only persons who have any equity of redemption in personal property, are the mortgagors ; and those who do not have such equity, should not be made parties to the bill to foreclose.   The bill shows that Young had no such interest, and when the bill shows no equity the defendant may demur or take advantage of it on appeal.   *Moore* v. *Pierson*, 6 Iowa 279 and 300 ; *Cowles* v. *Shaw*, 2 Ib. 496 ; *Dinwiddie* v. *Roberts*, 1 G. Greene 363 ; *Pierson* v. *David, et al*, 4 Iowa 410 ; *Kreichbaum* v. *Bridges & Powers*, 1 Ib. 14 ; *Cheuvete, et al*, v. *Mason*, 4 G. Greene 231.

IX. The mortgage was made on the 24th day of December, 1858, and the lease under which Young claims his lien,

was made on the 22d day of December, of the same year, and possession of the property in which the mortgaged property was used, was taken on the 20th of the same month. Under the circumstances he had a prior lien. *Grant* v. *Whitwell, Marsh & Talbott*, 9 Iowa 152.

X. The unpaid notes, to secure which the mortgage to Horner was given, were canceled; and being canceled, the mortgage, which was an incident to them, was also discharged. *Tuttle* v. *Chapman*, 10 Iowa 437; *Gregory* v. *Thomas*, 20 Wend. 17; *Hill* v. *Beebe*, 3 Ker. 556; *Davis* v. *Maynard*, 9 Mass. 233, relied upon by counsel for appellee, are not in point; and *Watkins* v. *Hill*, 8 Pick. 522, so far as it is in point, establishes appellant's position.

XI. Where a negotiable note is given for a subsisting debt by simple contract, the presumption of law is that it was received in payment of such debt; but this presumption may be controlled by the agreement of parties. *Maneely* v. *McGee, et al*, 6 Mass. 143; *Thatcher, et al*, v. *Dinsmore*, 5 Ib.

*Griffith & Knight*, for the appellee.

I. A chattel mortgage may be foreclosed in a court of equity. Code of 1851, section 2083, 2096, *Kramer* v. *Rebman*, 9 Iowa 114; Story's Eq. Jur. section 1031; *Hart* v. *Ten Eyck*, 2 John Ch. 99; *Patchin* v. *Pierce*, 12 Wend. 63; *Fowles* v. *Merrill*, 11 How. (U. S.) 375; *Kimball* v. *Marshall*, 8 N. H. 293; *Lyster* v. *Bolland*, 1 Ves. Ch. 435; *Hatfield* v. *Montgomery*, 2 Pet. 58.

II. Findley, by merely canceling the notes secured by the Horner mortgage, and taking new notes on the 24th of December, A. D. 1858, *for the same debt* which was evidenced by the notes canceled, did not waive his lien or any right which he held under the Horner mortgage. *Davis* v. *Maynard*, 9 Mass. 246; *Watkins* v. *Hill*, 8 Pick. 522; *Pomroy* v. *Rice*, 16 Pick. 22; *Brinkerhoff* v. *Lansing*, 4 John Ch. 74; *Cole* v. *Sackett*, 1 Hill 516; *Waydell, et al*, v. *Suer*, 5 Ib. 448; *Gregory* v. *Thomas*, 20 Wend. 17; 14

Conn, 334; 7 Verm. 501; 8 Conn. 390; 3 Ohio S. R. 427.

WRIGHT, J.—Appellants present two questions: *First.*
Will a court of equity, under the circumstances disclosed in
this case, entertain a bill to foreclose a chattel mortgage?
*Second.* Who has the prior lien on the property, Packard,
by virtue of the mortgages, or Young, as landlord?

Without entering into a discussion of the first question,
upon the general principles governing equity jurisdiction,
we are very clear that the power is fully conferred by the
Code. It has already been held by this court that a pro-
ceeding to foreclose a mortgage upon real property, was
properly cognizable in equity rather than at law. *Kramer*
v. *Rebman,* 9 Iowa 114. Chapter 118 of the Code refers to
mortgages upon both real and personal property. By the
provisions of this chapter, section 2083, the holder of *any*
mortgage, may in all cases, proceed by civil action in the
District Court where he wishes to foreclose the same. And
if the instrument shall be a deed of trust, or a mortgage
with a power of sale, then by section 2096, it may be treated
like a mortgage and foreclosed by action in the District
Court. That the mortgagee might proceed to foreclose by
notice and sale, as contemplated by section 2071 and those
following, is not denied. But he is not confined to this
course, but may proceed by bill in equity, which is, within
the meaning of the Code, a civil action to foreclose the
equity of redemption. And especially may he do so; and
it is appropriate that he should do so, where, as in this
case, a third party claims an interest in the mortgaged prop-
erty, which he insists is paramount to that. of the mortgagee.

We come then to the second question made in this case.
And here the argument on either side assumes that the
priority of lien depends upon the effect of the transaction of
December 24th, 1858, upon the mortgage made to Horner.
Young, the landlord, claims that the surrender of the old notes
and the taking of new ones with a mortgage to secure the same,

had the effect of discharging and satisfying the old mortgage, in such a sense that complainant can claim no benefit or advantage from it; but that his lien dates from the last mortgage, on the 24th of December, 1858, or two days subsequent to the lien under the lease. The complainant insists that he holds under successive mortgages; that the indebtedness evidenced by the notes of December 24th, 1858, was a balance which remained unpaid on the notes secured by the Horner mortgage; that the first mortgage was never satisfied, nor was the property therein named ever released therefrom; that the surrender of the old notes and taking new ones for the same debt, did not waive any lien or right which existed or had been acquired by the transfer of the Horner mortgage.

We think the law of the case is with the complainant, and that the court below did not err in awarding him priority of lien. A mortgage is security for the payment of a debt. As a general rule, whatever extinguishes the latter, at the same time puts an end to the former. A mortgage treated as a conveyance, as it is for some purposes, (under the recording acts and perhaps others) it would, in the language of Mr. Hilliard, (1 Mort. 307) " be more technically accurate to speak of it as *discharged* or *released* when *paid*; but when viewed in the light of a mere accompaniment to the debt, it is a correct as well as a familiar use of language, to say that the mortgage, as well as the debt, is *paid*." But, as the mortgage is given as security for the debt, the general rule is that nothing but the actual payment of the debt, or an express release will operate as a discharge of the mortgage. The lien is said to last as long as the *debt*, if there is no release.

The authorities apply this principle in various ways and have gone very far in upholding the lien until the debt is extinguished. Thus, in one case it is said: " Taking a sec-

ond mortgage is no waiver of a first one, made for the same debt. Neither is the taking of personal security for the debt a waiver of the mortgage." (*Burdett* v. *Clay*, 8 B. Mun. 287.) So again, unless there is an intention to the contrary, a mortgage made to secure a note will remain security for any new note given in payment of the former one. (*Haddock* v. *Bulfinch*, 31 Maine 246; and see *Morse* v. *Clayton*, 13 Smed. & M. 373; *Bank, &c.,* v. *Finch*, 3 Barb. 293; *McCormick* v. *Digby*, 8 Blackf. 99; *Leed* v. *Caruthers*, 2 Y. & C. 31; *Hugunin* v. *Starkweather*, 5 Gilm. 492.) Where a mortgage was given to secure a note, and the assignee of the mortgagor took a new note from the mortgagor, in exchange for the old, it not being intended as payment, it was held that the mortgage debt was not thereby paid, but that the mortgage remained good and stood as security for the amount due on the new note. *Watkins* v. *Hill*, 8 Pick. 522. And see the rule applied as against the grantee of the mortgagor, *Pomroy* v. *Rice*, 16 Pick. 22. Certainly Young stands in no better position than would an intervening grantee. And see 4 Johns. Chancery 66, and *Gregory* v. *Thomas*, 20 Wend. 17. In this latter case it was expressly held that a second mortgage for the same debt does not extinguish the first; and that to render the second security a bar to the first, there must be a release express, or at least implied from a covenant not to sue. And see further, Story's Eq. Jur. 1035 c, *Crosby* v. *Chase*, 5 Shep. 369; 1 Hill. on Mort. section 3078.

Decree affirmed.