THE BREMER COUNTY BANK v. EASTMAN *et al.*

1. Pleading: EVIDENCE: VARIANCE. The admission of a note in evidence, variant from that described in the petition, is error without prejudice, when the substantial rights of the defendant have not been prejudiced thereby.

2. Mortgage: ASSIGNMENT: STAMPS. The transfer of a note, secured by mortgage, carries the mortgage with it. No assignment of the mortgage is necessary; hence, the objection that an assignment on the mortgage, in such case, was not sufficiently stamped, is without force.

*Appeal from Butler District Court.*

THURSDAY, JULY 25.

ACTION on a promissory note, and for the foreclosure of a mortgage made to secure the same. Trial by the court. Judgment and decree for plaintiff. Defendants appeal. The further facts are stated in the opinion.

*G. C. Wright* for the appellants.

*Burke & Kinne* for the appellee.

MILLER, J. — I. The note sued on, as set out in plaintiff's petition, is dated " Shellrock, Iowa, June 25, 1866," payable two years and six months after date, to the order of O. S. Newcomb, for $300 with ten per cent interest. The indorsements set out are as follows: " Pay to the order of C. H. Parsons. (Signed), O. S. Newcomb." " Pay to the order of the Bremer County Bank. (Signed), C. H. Parsons."

The mortgage is also set out in the petition.

The answer admits the making of the note and mortgage declared upon, and, as a special defense, alleges pay-

ment of the note to Parsons, before the transfer of the same to the plaintiff.

On the trial when plaintiff offered the note in evidence, defendant objected on the ground of variance. The objection was overruled and the note admitted. Appellant complains of this ruling. The note offered in evidence contained no indorsement thereon to Parsons by the payee, as set out in the copy annexed to the petition, and bore date June 29, 1866, instead of June 25, 1866, as set out in the copy. In all other respects the note offered in evidence corresponded with the copy.

In admitting the note thus variant from the copy annexed to the petition, there was technical error, but without prejudice to the substantial rights of the defendant. The rule is well settled that no exception will be regarded in this court unless the ruling has been on a material point, and the effect thereof prejudicial to the substantive rights of the party excepting, and no judgment will be reversed by reason of any error or defect which does not affect the substantial rights of the adverse party.

The plaintiff claimed in his petition as an indorsee of the note, and set out the note and indorsements thereon, showing a legal title thereto. The defendants expressly admit the execution of the note and fail to deny the indorsements and transfer to the plaintiff. Upon the pleadings, therefore, in the absence of proof of defendants' plea of payment, the plaintiff was entitled to judgment, without giving the note in evidence at all, so that the technical error in its admission, did not in any degree prejudice the rights of the defendants. The defendants were in no respect prejudiced by this ruling in the introduction of evidence of payment.

The execution of the note and mortgage and the transfer thereof to the plaintiff, being admitted, plaintiff was entitled to judgment thereon, unless the defendants sus-

tained their plea of payment by evidence. This they made no effort whatever to do.

II. Complaint is made of the ruling of the court, in admitting the mortgage in evidence, on the ground that 2. MORTGAGE: the assignments thereon were not properly assignment: stamps. stamped. We have seen that the execution of the mortgage is admitted in the answer, and the appellant does not object that the mortgage was not properly stamped in its execution. The transfer of the note, secured by the mortgage, carried the mortage with it as an incident to the debt, and the indorsee of the note could maintain an action in his own name, to foreclose the mortage without any assignment thereon whatever.

The mortgagee, by virtue of his mortgage, held a mere chattel interest, inseparable from the debt it was given to secure, and transferable by a mere assignment of the debt, without deed or other writing. *Crow, McCreary & Co.* v. *Vance,* 4 Iowa, 434, and cases cited ; *Bank of the State of Indiana* v. *Anderson,* 14 id. 544. The mortgage therefore was, under the pleadings in this case, admissible in evidence without any written assignment whatever. It was no less admissible though such assignment be treated as void for the want of proper stamps thereto.

III. What has just been said disposes also of the alleged error of the court, in allowing plaintiff to prove by oral testimony that, at the time of the assignment of the mortgage, a portion of the debt had been paid, thus showing that the stamp affixed to the assignment was sufficient for the amount then secured by the mortgage. No written assignment being necessary to admit the mortgage in evidence, it was not necessary to introduce evidence to prove facts showing that the assignment was properly stamped.

The judgment must be

Affirmed.