## PORT v. ROBBINS.

1. **Mortgage:** RELEASE OF LIEN: PRINCIPAL AND SURETY: EVIDENCE. A mortgage remains a lien until the debt it was given to secure is satisfied. A change of the note, or the taking of a new note, incorporating therein an additional sum loaned, will not, in the absence of an agreement to the contrary, discharge the mortgage.

2. —— It was accordingly *held*, that a surety in such new note was discharged by the subsequent surrender of the mortgage given to secure the original note.

3. —— The admission of parol evidence to show that at the time the new note was executed, it was agreed by the parties that the mortgage should be continued as security for the new note, was not a violation of the rule respecting the admission of parol evidence, but in aid rather of the principle first above stated.

*Appeal from Mills Circuit Court.*

WEDNESDAY, OCTOBER 22.

PLAINTIFF sues as indorsee to recover installments of interest due on a negotiable promissory note, dated January 1, 1868, for $3,500, made by M. W. Benson and Lewis Robbins, payable to the order of Phebe Ashton five years after date.

The defendant Lewis Robbins alone answers: 1st. Admitting the execution of the note; 2d. That he executed the note as surety only, without any consideration; that said note was executed as a renewal of a former note, made by his co-defendant to Phebe Ashton, for $3,000, and an additional sum of $500 loaned by her to Benson at the time of making the new note; that the former note was secured by a chattel mortgage, executed by Benson to said Phebe Ashton, on a stock of goods, wares and merchandise belonging to the mortgagor, and situated in Athens county, Ohio; that, at the time of the making of the new note, it was understood and agreed between the parties thereto that said mortgage should remain and be security

for the new note; that with this understanding and inducement Robbins signed said note; that, since that time and before the transfer of the note to the plaintiff, said Phebe Ashton released and surrendered the mortgage to Benson, and permitted him to sell the mortgaged property, without the knowledge or consent of defendant Robbins; that plaintiff had notice of these facts, and that the transfer of the note to plaintiff was made by the parties thereto in bad faith, for the purpose of cutting off defendant's equities thereto.

To this answer plaintiff demurred on two grounds:

1. That the answer, so far as it attempts to set up a defense, is based upon a contemporaneous parol agreement, at variance with the terms of the written contract admitted in the answer;

2. The answer admits facts which fix the liability of defendant in admitting the execution of the note, and states no fact which avoids his liability.

The demurrer was sustained, and, the defendant standing on his answer, judgment was rendered for the plaintiff. Defendant appeals.

*Hale & Stone* for the appellant.

*Watkins & Williams* for the appellee.

MILLER, J. — The demurrer admits the facts pleaded in the answer, and for the purposes of the demurrer they are to be taken as true.

The law is well settled, that a mortgage given to secure a *debt*, and not the note or bond or other *evidence* of it, remains a lien on the mortgaged property until the *debt* is paid; that no change in the form of the evidence or the mode or time of payment, nothing short of *actual payment of the debt*, or an express release, will operate to discharge the mortgage. The mortgage remains a lien

until the *debt* it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt, or by a judgment at law on the note merging the original evidence of indebtedness. *The State* v. *Lake*, 17 Iowa, 215, 219, and cases cited; *Jordan* v. *Smith*, 30 id. 500; *Davis* v. *Maynard*, 9 Mass. 247; *Brinkerhoff* v. *Lansing*, 4 Johns. Ch. 65; *Packard* v. *Kingman*, 11 Iowa, 219; *Chase* v. *Abbott*, 20 id. 154; *Haddock* v. *Bulfinch*, 31 Me. 246; *Morse* v. *Clayton*, 13 S. & M. 375; *McCormick* v. *Digby*, 8 Blackf. 99; *Hugunin* v. *Starkweather*, 5 Gilm. 492; *Burdett* v. *Clay*, 8 B. Monr. 287; see, also, *Sims* v. *Hammond*, 33 Iowa, 368; *Gregory* v. *Thomas*, 20 Wend. 17.

The most frequent and familiar application of the principle is that a mortgage made to secure a promissory note will remain security for any new note given in payment or renewal of the former one, unless there is an intention to the contrary, and it has been held that the taking of a new note *and mortgage* to secure the same debt will not, even when the first mortgage is canceled, operate to discharge the lien of the first mortgage. *Packard* v. *Kingman*, *supra*; *Smith* v. *Stanley*, 38 Me. 11; *Burdett* v. *Clay*, *supra*. In Massachusetts where the taking of a negotiable note is held to be *prima facie* payment of the debt for which it is given (which is different from the rule in this and most of the other American States), it is held that a new note, given in place of an old one which is secured by mortgage, *unless intended as payment*, is subject to the same security as the former note. *Watkins* v. *Hill*, 8 Pick. 522; *Pomroy* v. *Rice*, 16 Pick. 22; *Bruse* v. *Nelson*, *ante*.

The execution of the note sued on, at least to the extent of the amount of the old note, did not operate as a satisfaction or payment of the debt evidenced by the first note unless it was so agreed between the parties. It was not so agreed; on the contrary it is averred in the answer

that it was understood and agreed that the lien of the mortgage should be preserved. The mortgage, even without any agreement, *remained* security for the debt it was given to secure, although a new note was given evidencing it with the additional sum of $500. Did the incorporation of this additional sum into the note (being a new loan) have the effect to · discharge the lien of the mortgage given to secure the first loan ? Most certainly not. Nothing short of payment or an express release would have that effect; at least this is so as between the parties and subsequent purchasers with notice. Now, such being the legal effect of the transaction in the absence of an agreement or understanding between the parties in respect to the continuation of the lien, it would be no less so under an express agreement in accord with such legal effect; nor does such agreement qualify or vary the written agreement expressed in the note. Indeed, the alleged agreement has respect only to the *security*, and not to the *contract* contained in the note. The allegation that defendant signed the note as surety only is the statement of a fact showing the relation in which the defendant stood to the other parties. The general doctrine that the relation of principal and surety, when known to the parties as existing at the time, although not expressed in the written contract, may be shown by parol evidence, is well settled, and amounts to nothing more than is also well settled with respect to the relation subsisting between the accommodation maker or acceptor of a note or bill and the party for whose accommodation it is made or given. Parol evidence in such cases is admissible to show that although the name of the defendant appears on the instrument as one of the makers he is in fact a mere surety who had signed at the request of another without consideration. *Grafton Bank* v. *Kent*, 4 N. H. 221; *Warner* v. *Rice*, 3 Wend. 397; *Suydam* v. *Westfall*, 4 Hill, 211; *Griffith* v. *Reed*, 21 Wend. 502; *Wing* v. *Terry*, 5 Hill, 160;

*Chambers* v. *Cochran & Brock,* 18 Iowa, 159, and cases cited on page 165 ; *King* v. *Baldwin* 17 Johns. 384.

The admissibility of parol evidence to show the relation of principal and surety is within the rule that admits such evidence to show that the written instrument is void either for the want or failure of consideration, and this is no infringement of the rule excluding parol contemporaneous evidence to contradict or vary the terms of a written instrument. 1 Greenl. on Ev., § 284. Evidence showing this relation, when it does not appear on the face of the instrument, is not in contradiction of the contract but collateral thereto.   It is the showing a fact of which the parties had knowledge, and the existence of relations between them which imposed duties upon the party to be benefited by the contract of suretyship, which would not arise where the relation of surety does not exist ; and it is the failure on the part of the beneficial party to perform such duties that may operate to discharge the surety from his contract ;. but the contract, as expressed in the writing, is neither varied or contradicted by such evidence.

II. It is alleged in the answer that at the time of the execution of the note sued on, it was agreed by the parties that the mortgage should stand, and be held as security for the additional sum then loaned as well as for the amount of the previous loan, and that this agreement formed the only consideration for the defendants signing the note.

It was competent for the parties to make the contract alleged, and if it formed the only consideration for the making of the note by defendant Robbins, parol evidence is admissible to prove that fact, and also that the consideration has failed, when the action is by a holder with notice. Such evidence is no infringement of the rule before referred to, excluding parol evidence to vary or contradict a written contract. 1 Greenl. on Ev., § 284.

The facts stated in the answer, if true, and they will be

so taken on demurrer, constitute a full defense to the plaintiff's action, for if the original payee held a mortgage lien for the same debt, for which Robbins became surety, on property in value more than sufficient to pay the debt, and voluntarily released such lien without the assent of the surety, the latter was thereby discharged, and this defense is available against the plaintiff who took the note with notice of these facts. See *Chambers* v. *Cochran & Brock, supra,* and cases cited on p. 166; 2 Am. Lead. Cases, 289, 290, and cases referred to in notes; *King* v. *Baldwin et al.,* 17 Johns. 384; *Carpenter* v. *King,* 9 Metc. 511.

The judgment of the court below is

Reversed.