## TINSLEY v. TINSLEY.

1. **Conveyance:** TITLE TAKEN IN ANOTHER'S NAME: TRUST. Where one person furnishes the money with which real estate is purchased, and the title is taken in the name of another, equity will compel the latter to convey to the former.

2. **———: VENDOR'S LIEN: MORTGAGE.** As between vendor and vendee a mortgage by the latter does not constitute a conveyance, as contemplated in section 1940 of the Code, which will deprive the vendor of a lien for the purchase-money, and such lien attaches to the vendee's equity of redemption under the mortgage.

3. **———: ———: ———.** The fact that the mortgage was executed by both vendor and vendee, covering also property of the former and securing their joint note, in the proceeds of which both shared will not defeat the vendor's lien, the note being unpaid.

*Appeal from Mahaska Circuit Court.*

TUESDAY, OCTOBER 7.

THE plaintiff brought an action to establish and foreclose a vendor's lien on real estate against the defendant, and M. C. Tinsley, her husband. This was resisted by the defendant, who commenced an action against her husband to compel him to convey to her the said real estate, the legal title to which

was vested in him. These actions were consolidated, and a trial of the issues was had to the court. The relief asked by both the plaintiff and defendant was granted, and the defendant appeals from that portion of the decree foreclosing the vendor's lien, and M. C. Tinsley appeals from that portion which decreed a conveyance of the real estate to the defendant.

*Seevers & Malcolm* and *Williams & McMillen* for appellant.

*Crookham & Gleason* and *M. C. Tinsley* for appellee.

SEEVERS, J.—About the time of her marriage to M. C. Tinsley, the defendant was possessed of $700, and shortly thereafter she sold some real estate and received $50 in cash and a note for $100 therefor. She and her husband purchased of the plaintiff forty acres of land, and paid thereon nearly $550. The residue of her money, except the note, was either expended in improving the land or for the support of the family.

How much she actually paid as purchase-money on the land and for improvements is a matter of some doubt, because her testimony and that of her husband is in direct conflict. But after a careful consideration thereof, including the declarations of M. C. Tinsley made to others, we conclude that the preponderance of the evidence is in favor of the proposition that she furnished all the money that was paid on the land. It is not deemed necessary to refer to this evidence in detail. The land was conveyed by the plaintiff to M. C. Tinsley. Whether there was an agreement it should be conveyed to the defendant is uncertain, and it is immaterial whether there was such an agreement or not. That she expected it would be conveyed to her, we incline to believe. The money was paid directly for the land. It was not given to her husband, nor did it go into his possession as his property.

We have then the common case of one person furnishing the money with which real estate is purchased, and the title conveyed to another. Equity will compel the latter to convey to the former.

1. CONVEYANCE: title taken in another's name: trust.

II. The defendant claims that the purchase price of the

real estate was about $580, and that it was all paid at the time or before the deed was made. On the other hand, the plaintiff claims the price was $850, and that M. C. Tinsley executed to him a note for about $300, being the residue of the purchase-money not paid.

The testimony is exceedingly conflicting as to which of these theories is correct. If the declarations of M. C. Tinsley were admissible as evidence against the plaintiff, we are by no means sure but that the preponderance would be in favor of the theory of the defendant. But excluding such declarations, the preponderance of the testimony is with the plaintiff.

This being true, it follows that the plaintiff is entitled to the establishment and foreclosure of a vendor's lien for the 2. ——: ven- unpaid purchase-money, unless section 1940 of the dor's lien: mortgage. Code, which provides that a vendor's lien shall not be enforced after a conveyance by the vendee unless such lien has been reserved by " conveyance, mortgage or other instrument duly acknowledged and recorded," takes away such right.

After the conveyance to M. C. Tinsley, he and the defendant executed a mortgage on the land to one Cornell, and it is insisted that a mortgage is a conveyance, and by reason of its execution the plaintiff was deprived of his right to enforce the vendor's lien. That a mortgagee is a purchaser within the recording laws was held in *Seevers v. Delashmutt*, 11 Iowa, 174. But whether a mortgage amounts to the conveyance by the vendee contemplated in the foregoing statute, is regarded as doubtful. As between the vendor and mortgagee the statute affords the latter ample protection, and such without doubt was the legislative intent. But the statute does not as between the parties take from the vendor his lien. It, however, only operates and takes effect on the equity of redemption, the lien of the mortgage being superior thereto.

III. The Circuit Court, through inadvertence we think, rendered a personal judgment against the defendant for the amount of the unpaid purchase-money. This was manifest error, for the reason the defendant never personally obligated herself to pay the same. The result is that on the appeal of

Tinsley v. Tinsley.

M. C. Tinsley the judgment must be affirmed, and on that of the defendant modified. A decree may be entered in this court at the option of either party if exercised within thirty days from the filing of this opinion. Otherwise the cause will be remanded to the court below, with directions to enter a decree in accordance with this opinion. The defendant will recover her costs in this court.

MODIFIED AND AFFIRMED.

ON REHEARING.

SEEVERS, J.—After the execution of the conveyance by the plaintiff to M. C. Tinsley, the latter and Charity L. Tinsley 3. —: —: executed a mortgage on the land therein described —— to one Cornell to secure a note executed by the plaintiff and M. C. Tinsley for $500. In this mortgage was included a parcel of land owned by the plaintiff, and he joined therein and got $300 of the money the mortgage to Cornell was given to secure.

Because of the existence of the foregoing facts, counsel for Charity L. Tinsley have filed a petition for a rehearing, and insist the plaintiff is not entitled to a vendor's lien except for such sum as may be due him exceeding the said amount of $300 his property was mortgaged to secure.

The plaintiff and M. C. Tinsley borrowed of Cornell $500 and gave their joint note for the same. To secure this note all the parties joined in the mortgage. There is no pretense any of said money has been paid. To Cornell the plaintiff is liable for the whole, and Charity L. Tinsley's property is also liable. If she hereafter pays the whole amount, or if the same is realized by a sale of her property under the mortgage, the plaintiff would be bound to repay her the said sum of $300 and interest. But for aught that is now known, the plaintiff may be compelled to pay the whole amount to Cornell. Until Mrs. Tinsley has paid something on the mortgage to Cornell she has no claim on the plaintiff, nor can the latter's lien be affected by a contingent liability that may never be enforced to her prejudice.

The petition for a rehearing is overruled.