## SIGWORTH v. MERIAM ET AL.

1. **Judgment by Confession, with Agreement for Lien until Paid:** SUBSEQUENT JUDGMENT: PRIORITY OF LIEN AFTER TEN YEARS. Defendant's judgment was upon a confession, in which it was stipulated that it should be a lien on certain land till paid, but the provision for a lien was not included in the judgment rendered on the confession. Plaintiff, without actual or constructive notice of the stipulation for a lien, afterwards procured a judgment which was a lien on the same land. *Held* that the confession amounted, in substance, to an unrecorded mortgage, which was not merged in the judgment rendered thereon; that the lien created thereby did not lapse at the end of ten years; and that, so long as the debt was unpaid, it was superior to plaintiff's subsequent judgment. See cases cited in opinion.

66  477
123  468
123  469

66  477
137  346

*Appeal from Linn District. Court.*

TUESDAY, JUNE 9.

ACTION in equity to enjoin the levy of an execution on specific real estate, on the ground that the judgment had ceased to be a lien, and the plaintiff claimed that certain judgments belonging to him, although subsequent in point of time, were prior liens on the real estate. The defendant, in addition to controverting the claim of plaintiff, filed a cross-petition, in which she, in substance, claimed that she had an equitable mortgage or lien on the specific real estate, and she asked that the same be foreclosed. The court dismissed the cross-petition, and entered a decree that plaintiff had the prior lien on the real estate. The defendant Meriam appeals.

*N. D. Parkhurst*, for appellant.

*Alex. Campbell*, for appellee.

SEEVERS, J.—Substantially, the parties agree as to the facts. On the thirty-first day of August, 1871, W. A. Burtis was and now is the owner of the S. E. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 31, township 86, range 6, on which both parties claim a lien. On that day he and his wife borrowed of one Woodbury $550, for which they gave their promissory note, payable in two years, and at the same time, as a part of the same transaction, they executed a paper whereby they confessed judgment on said note, which contains the following statement: "Until this judgment is fully paid, the same shall be a lien upon the south-east quarter of the north-east quarter of section thirty-one, (31,) township (86,) range (6.)" It was provided in the confession that no execution should issue on the judgment for two years. On the same day a judgment was duly entered in the district court on the confession. Such judgment provided that no execution should issue for

two years, but no reference was made to the provision in the confession whereby the judgment was made a lien on specific real estate.

In November, 1873, January and March, 1874, judgments were recovered against Burtis, which are the property of the plaintiff. The judgment entered on the confession became the property of defendant Meriam, who in August, 1883, caused an execution thereon to be issued, and levied on the real estate. In the same month the plaintiff commenced this action to restrain the sale of the real estate on said execution, on the ground that the judgment had ceased to be a lien thereon, because more than ten years had elapsed since it was entered. Revision, § 4109; Code, § 2882. An injunction was issued, which at the final hearing was made perpetual. The defendant Meriam answered the petition, and in March, 1884, filed a cross-petition, in which it is claimed that the confession upon which plaintiff's judgment was entered should be construed to be a mortgage or contract lien on the real estate, which continued until the debt or judgment was paid; and she asked that said lien be established, foreclosed, and declared to be prior to the lien of plaintiff.

I. As between the defendant and Burtis, the confession of judgment, without doubt, in our opinion, created a lien on the real estate, which was to continue until the judgment was paid. The confession in express terms so provides. It is immaterial whether it should be designated as a mortgage, or equitable mortgage, or a lien created by contract. As between the parties a lien was thereby created until the debt or judgment confessed was paid. We do not understand counsel for appellee to deny the foregoing proposition. His contention is, that, conceding it to have been a contract lien, such lien was merged in the judgment; or, if this be not true, then, as the appellee had neither express nor constructive notice of its existence, it cannot be enforced against him or to his prejudice. The first question stated will be first considered.

II.   In Jones, Mort., § 924, it is said that the lien of a mortgage is in no manner affected if a judgment is procured on the note secured by the mortgage; and the rule is, as we understand, that the mortgage may be afterwards foreclosed, and the lien thereby effectuated and enforced.   *Port v. Robbins*, 35 Iowa, 208; *Swan v. Yaple*, Id., 248; *Sloan v. Rice*, 41 Id., 465; *Matthews v. Davis*, 61 Id., 225.   A mortgage, for the purposes of this case, may be defined to be a contract between the parties thereto, whereby a lien is created on real estate, or it is pledged for the payment of a debt.   Precisely the same character of a lien or pledge was created by the confession upon which the judgment under which the defendants claim was entered.   No well-grounded distinction in principle can, in our opinion, be drawn between the lien created by the confession and that of a mortgage.   For the same reason, therefore, the lien created by the confession should not merge in the judgment, as is the case where judgment is rendered on the debt secured by the mortgage.   The lien in both cases, having been created by contract, exists, and may be enforced, although judgment has been rendered for the debt.

III.   The plaintiff had neither actual nor constructive notice of the lien created by the confession.   He, however, is not a purchaser for value, but is simply a judgment creditor, and it has been held that the lien of an unrecorded mortgage is entitled to priority over that of a subsequent judgment.   *Seevers v. Delashmutt*, 11 Iowa, 174; and see, also, *Parker v. Pierce*, 16 Id., 232; *Hoy v. Allen*, 27 Id., 208.   It is therefore immaterial whether the plaintiff had notice of the lien or not.

We are of the opinion that the court erred in dismissing the cross-petition, and in entering judgment for the plaintiff.

REVERSED.