J. A. Freeburg, Appellee, v. Alma Eksell, Andrew Eksell and M. C. Eksell, Appellants.

**Subrogation.** A creditor, induced to become such by his agent, 1 may elect to hold him responsible, and when the agent pays the debt he is entitled to be subrogated to the rights of the creditor; and no formal assignment of a mortgage is necesssary to enable him to recover thereon.

**Foreclosure of Mortgage: LIMITATION OF ACTION.** Where notes 2 secured by a mortgage are reduced to judgment, an action to foreclose the mortgage will not bar during the life of the judgment.

**Mortgage Foreclosure: WAIVER OF LEIN.** The fact that a note 3 secured by a mortgage is reduced to judgment with other items will not waive the lien of the mortgage, where the amount secured thereby can be definitely ascertained.

**Mortgages: SUBSEQUENT PURCHASER WITH NOTICE.** A grantee of 4 land with actual knowledge of a mortgage thereon has only the right to redeem from the mortgage.

*Appeal from Webster District Court.*—Hon. J. R. Whitaker, Judge.

Thursday, April 7, 1904.

This suit was brought originally in the form of a creditors' bill to subject certain lands to the payment of a judgment held by plaintiff against the defendants Andrew and M. C. Eksell. The case was finally tried, however, on an amended and substituted petition, wherein plaintiff sought to foreclose a mortgage on certain real estate made and executed by defendants on or about December 17, 1883, to one C. E. Magnusson, to secure the sum of $200, evidenced by a promissory note for that sum executed by said defendants to Magnusson, due December 17, 1888. Defendant Alma Eksell claims to be a purchaser of the real estate covered by said mortgage for value, and without notice, and each and all of the defendants answered the petition, pleading defenses which, so far as material, will be noticed in the body of the

opinion. On the issues joined the case was tried to the court, resulting in a decree for the plaintiff, and defendants appeal. —*Affirmed.*

*Healy Bros. & Kelleher* for appellants.

*Kenyon & O'Conner* for appellee.

DEEMER, C. J.—Defendant Andrew Eksell purchased a farm of forty acres in Webster county, Iowa, in May, 1876, from one Morley. He immediately moved upon the land, and occupied it as a homestead down to the time this action was commenced. In the year 1895 he sold the same to his daughter Alma, and her claim thereto will be considered during the course of this opinion. In 1878 defendant Andrew Eksell borrowed the sum of $90 from the plaintiff, and executed his note to him therefor. At the time of the purchase of the land Andrew Eksell executed a note for $150 to Morley, and secured it by a mortgage upon the premises. Thereafter this note was paid, and a new one was executed to the German Savings Bank of Davenport, Iowa. Certain minor transactions between plaintiff and Eksell were had, but the most of these were fully settled prior to the year 1883. In that year, however, Eksell solicited plaintiff for a loan of $200. At that time plaintiff was acting as agent for Magnusson, and he agreed to furnish the money to Eksell, and did so, the note being given to Magnusson, with a mortgage to secure the same, executed by Eksell and his wife upon the forty acres of land purchased from Morley. This note is the one, which by its terms, matured December 17, 1888. After 1883 plaintiff, at Eksell's request, paid the interest on the mortgage to the German Savings Bank down until the year 1888, at which time Eksell again applied to him (plaintiff), for a loan sufficient to pay the last named mortgage promising to give a new mortgage on the farm covering his entire indebtedness to plaintiff. Pursuant thereto plaintiff paid the mortgage to the German Savings Bank, but defendant failed and neglected to make the mortgage. Thereafter

VOL. 123 IOWA.—30.

the parties met, and had a settlement, which resulted in defendant's giving to plaintiff two notes, one for $192 and the other for $300, each dated March 31, 1890, defendant Andrew Eksell and his wife both promising to make a mortgage on the farm to secure the same. The notes then held by plaintiff, including the one made to Magnusson, were turned over to defendants, and plaintiff promised to turn over the Magnusson mortgage as soon as the new mortgage was executed. These two notes, executed at the time of the settlement, were made payable to Magnusson, as was the original $200 note and mortgage given to secure the same about the time this original $200 note and mortgage matured. Magnusson turned them over to the plaintiff, saying that he might have them, and that he should hold the plaintiff for the amount of money furnished to defendant Eksell. Thereafter plaintiff paid the amount thereof to Magnusson, and when plaintiff offered to turn over the two notes taken at the time of the settlement Magnusson refused to accept them, said he should hold plaintiff responsible for all sums he had furnished the defendant, and told plaintiff he could take the papers for himself. Eksell and his wife failed and refused to make the promised mortgage to secure the two notes taken at the time of the settlement, but in 1892 paid plaintiff $100 on the indebtedness represented thereby. In the year 1895 defendants Andrew and M. C. Eksell made a warranty deed for the land to their daughter and co-defendant, Alma Eksell, the expressed consideration for which was the sum of $1. This was evidently for the purpose of defeating the plaintiff in the collection of his judgment. Indeed, that such was its purpose was admitted by the defendant Andrew Eksell. In August of the year 1900 plaintiff obtained judgment on the two notes executed in the year 1890. As stated in the substituted petition on which the case was tried, this action was brought to set aside the satisfaction of the German Savings Bank mortgage, for a decree subrogating plaintiff to the rights of said bank under the mortgage, and to foreclose the same. Also to foreclose the original $200 mortgage executed

to Magnusson, which had been delivered by Magnusson to the plaintiff. Plaintiff claimed that his judgment included the amount of the note secured by this mortgage, and that the same had never been paid. The Magnusson mortgage for $200 was never recorded, and Alma Eksell claimed that when she purchased the land from her parents she had no notice or knowledge thereof. At one time all the defendants claimed that the deed to Alma Eksell was intended as a mortgage to secure to Alma payment for services rendered her parents. It was also pleaded by way of defense that plaintiff had no interest in or right to foreclose the Magnusson mortgage; that by taking his judgment in the year 1900 he waived whatever lien he may have had in virtue of that mortgage. The defendants each pleaded the homestead character of the land, an estoppel, and some other matters which are not regarded as controlling except as they may be referred to during the course of this opinion. The trial court rendered a decree foreclosing the Magnusson mortgage for the amount found due on the original $200 note which it was made to secure, after deducting payments made from time to time by the defendants, whether such payments were made on the particular indebtedness or not, declared the lien of the Magnusson mortgage superior to any claim of defendant Alma Eksell, and denied all further relief. Defendants appeal.

The first point made is that plaintiff does not show his ownership of the $200 note and mortgage executed to Magnusson. This is almost wholly a fact proposition, and, following our usual custom, we shall not set out the evidence on which we base our conclusions. Suffice it to say, we think the evidence does show plaintiff's ownership of the note. It or its substitute was reduced to judgment in plaintiff's favor, I. SUBROGATION. and the evidence shows an equitable assignment to plaintiff of the mortgage given to secure the same. Magnusson elected to hold plaintiff for the amount of money furnished Eksell, and told him he should hold the mortgage himself. No formal assignment of that instrument was neces-

sary to enable plaintiff to recover in equity. Moreover, we find that plaintiff paid the amount due from the Eksells to Magnusson, and that he is entitled to be subrogated to all liens held by him against them. The judgment conclusively establishes plaintiff's ownership of the $200 note, which was included in those finally given in settlement; and it is well-established doctrine that an assignment of a debt secured by mortgage carries the mortgage with it. *Bremer Co. Bank v. Eastman,* 34 Iowa, 394; *Preston v. Case,* 42 Iowa, 550.

Defendants also say that plaintiff's cause of action is barred by the statute of limitations. This all depends upon whether or not the $200 note secured by the mortgage is in-

2. FORECLOSURE of mortgage: limitation of action.

cluded in the judgment which plaintiff obtained. The evidence sufficiently shows that this indebtedness was carried into the two notes on which the judgment was obtained. This judgment operated to suspend the statute, and the action to foreclose is not barred so long as the debt secured thereby may be enforced. This is hornbook law, sustained by the following among other authorities: *Chase v. Abbott,* 20 Iowa, 158; *Slate v. Lake,* 17 Iowa, 219; *Port v. Robbins,* 35 Iowa, 211. The taking of the judgment did not of itself discharge the mortgage lien. *Sigworth v. Meriam,* 66 Iowa, 480; *Stanbrough v. Daniels,* 38 Iowa, 318. The debt is not barred, and the mortgage survives.

But it is said that plaintiff, in blending his accounts and taking judgment for the notes given on the settlement, has waived his mortgage lien. It sufficiently appears that the

3. MORTGAGE: foreclosure: waiver of lien.

$200 note was included in the notes given upon the settlement between the plaintiff and the defendants, and there is no difficulty in now determining the amount due on the original $200 note. The mere fact that the judgment included other items is no reason for holding that plaintiff cannot foreclose. Of course, if there was such a blending of accounts as that the mortgage indebtedness could not be distinguished, there might be some reason for holding that plaintiff had elected to rely on his

judgment and to waive his lien, or that he could not enforce his mortgage security by reason of the fact that it could not be told how much of this indebtedness was secured. But this is not the true state of affairs as indicated by the record. The mere fact that plaintiff obtained judgment for the amount of the mortgage indebtedness with other items does not debar him of his right to foreclose a mortgage given to secure part of the debt. Under our statutes the holder of a note and mortgage may, if he desires, secure judgment on his note at law, and thereafter obtain the foreclosure of a mortgage made to secure the note in equity. *Sigworth v. Meriam,* 66 Iowa, 480; *Port v. Robbins,* 35 Iowa, 211; *Sloan v. Rice,* 41 Iowa, 465, and cases hitherto cited. That the mortgage is not barred, see *Jenks v. Shaw,* 99 Iowa, 604, and cases therein cited. There is no difficulty here about the blending of accounts. The exact amount due on the $200 note to Magnusson, which was included in the two notes on which the judgment was obtained, is clearly shown by the production of the original note, which was turned over to the defendant Eksell at the time the new notes were executed, which shows all indorsements made thereon. There is some difficulty about the other items, but none with reference to this. Moreover, the evidence shows that after the substitution of these notes it was agreed that plaintiff should hold the $200 mortgage as security until a new moragage was executed, and that defendants never executed this new mortgage. So that, even if there was a blending of accounts, this mortgage stood as security for the amount called for thereby until the new one was executed, and, as that has never been done, the security afforded thereby still exists.

But it is said that, in any event, Alma Eksell's rights are not protected by the decree. Whether she was a purchaser or mortgagee, her rights, whatever they are, should be protected, if she parted with her money, or rendered services, or did any other thing of value in consideration for the deed to her of the land in question, without notice of plaintiff's unre-

4. MORTGAGES: subsequent purchaser with notice.

corded mortgage. We find, however, from her own testimony, that she had actual notice of plaintiff's mortgage before she took her deed, and the question as to her rights is out of the case. She undoubtedly has the right to redeem from the foreclosure, but this, in view of the entire record, is all that she is entitled to.

Something is said about the equities of the case. They do not seem to preponderate in favor of either party. Andrew Eksell was a poor manager. For years he depended upon plaintiff to furnish him money from time to time, in order that he might hold his land. Plaintiff borrowed the money from others, and took all chances on receiving it back. He carried defendant along from year to year, with the indebtedness constantly growing larger. He was finally compelled to take judgment, and is now enabled to secure but a part thereof. Alma Eksell did not arrive at her majority until the year 1895 or 1896. She was supported and cared for at home during a part of her minority, and was not entitled to compensation for her services. She took her deed in 1895 with knowledge of plaintiff's mortgage. It is doubtful if any contract was made at any time to pay her for her services. She remained at home after the execution of the deed as a member of the family, and received support therefrom. She paid nothing for the land, and, as we have said, we think the deed was made to her by her father to defeat the claims of his creditors. That it did not and could not have that effect is immaterial to the point now under discussion. Plaintiff gets but a part of his debt, and defendants seem to have all they are entitled to.

The decree is right, and it is AFFIRMED.