(Opinion published 55 N. W. Rep. 1112.)

---

EDWARD W. NETTLETON *vs.* RAMSEY COUNTY LAND & LOAN CO.

Argued June 30, 1893.   Affirmed Aug. 14, 1893.

**Subrogation.**

The defendant purchased mortgaged premises, and, in the deed conveying same, expressly assumed the payment of the mortgage as part of the consideration. *Held,* that an indorser who had become liable upon the notes secured by the mortgage was entitled upon payment thereof to be subrogated to the rights and remedies of the holder of the notes, and might recover of the defendant the amount which he was obliged to pay by virtue of the stipulation in its deed by which it became liable to pay the same. The subrogation extends in such case not merely to the mortgage security, but to the debt and the remedies to enforce the same.

**Installments Due may be Paid by the Surety and at Once Enforced against the Principal.**

And where the agreement is to pay the entire debt, which may be evidenced by notes maturing at different periods, the surety who has paid one note is not obliged to wait till the whole indebtedness is paid by him before he is entitled to maintain an action for the note or installment so paid, against the principal debtor.

**Findings Sustained by the Evidence.**

Evidence *held* sufficient to sustain a finding that the note sued on was taken up and paid by the plaintiff to the holder thereof.

**A Contract Construed.**

The liability of the defendant upon its contract *held* not qualified or limited by an independent agreement executed by the grantor in the deed, by which he undertook to make provision for the payment of the note sued on, and take the stock of the defendant company for the amount thereof.

Appeal by defendant, Ramsey County Land and Loan Company, from an order of the District Court of Ramsey County, *Chas. E. Otis,* J., made December 17, 1892, denying its motion for a new trial.

*James E. Trask*, for appellant.

*John W. Lane*, for respondent.

VANDERBURGH, J.   The plaintiff, who was the owner of certain premises described in the complaint, sold and conveyed the same to one Marvin, and the latter, for part of the purchase price, executed and delivered to the plaintiff his four promissory notes for $1,200 each, secured by mortgage upon the property.   Thereafter, on the 30th day of October, 1888, Marvin conveyed the land to the defendant, and by the terms of the deed conveying the same, and as part consideration therefor, the defendant assumed and agreed to pay all the indebtedness secured by the mortgage.   On the 21st day of November, 1888, the plaintiff assigned and transferred the mortgage and notes above mentioned to the London & Northwest American Mortgage Company, and at the same time, as the court finds, indorsed each of the notes, and duly waived demand of payment and notice upon the back thereof.   No part of the indebtedness so secured has been paid by the defendant, but it is found that the plaintiff, by virtue of his liability as indorser upon the notes, was called upon to pay, and upon the 15th day of March, 1892, did pay, as alleged in the complaint, the interest and the note which matured on October 1, 1890.   The trial court held that, by virtue of such payment, he was subrogated to the rights of the assignee of the mortgage, and entitled to recover of this defendant the amount so paid.

1. In such cases the payment does not extinguish the debt which is kept alive for the benefit of the surety, and is in equity treated as a purchase, investing him with the same rights in respect to securities as were possessed by the creditor. *Felton* v. *Bissel*, 25 Minn. 19.   And where, as in this case, a grantee of mortgaged premises expressly assumes and agrees to pay off the mortgage, subrogation extends not merely to the mortgage security, but to the debt; and the surety, on payment of the debt, may be subrogated not only to the security, but to the remedy of the creditor upon the express contract of the purchaser who has assumed to pay the same.   2 Jones, Mortg. § 883; *Rardin* v. *Walpole*, 38 Ind. 146; Sheld. Subr. (2d Ed.) § 181.   If the plaintiff, the payee in the notes, has been obliged to pay the debt, he is entitled to

be subrogated to all the remedies of the holder of the debt and mortgage.

2. The defendant invokes the rule that the surety is not entitled to be subrogated until he has paid the entire debt, but that is not applicable where separate notes or installments are paid, and the remedy sought is upon the promise or contract of the principal debtor to pay an entire debt payable in installments, and not the apportionment or application for his benefit of securities in the hands of the creditor. No question can arise here as to the sufficiency of the security as between plaintiff and the principal creditor, because defendant's promise and undertaking are to assume and pay the entire debt, and it is immaterial in whose hands the notes are. No apportionment is required, therefore, and it is not material to plaintiff's rights that he has as yet paid only one of the notes, and not the entire debt. The defendant is the party ultimately liable to pay the indebtedness in full, and it does not concern it that the notes are held by different parties, because the defendant is bound to pay the entire debt represented by the notes, for it has agreed to do so upon sufficient consideration.

3. The defendant also insists that the evidence in the case is insufficient to establish the fact of the payment and satisfaction of the note and interest so as to entitle plaintiff to subrogation. The liability of the debtor upon the original debt must be discharged except as to the surety; hence, before the latter can claim to be subrogated, he must pay or discharge the debt in money or property taken as money. The court in this case finds that the debt sued for was paid. As proof of the fact the evidence is not very strong or satisfactory, but there is some evidence to support the finding; enough, we think, to call upon the defendant to make some showing in rebuttal. But this was not done, and the question was left to rest upon the evidence of plaintiff only. The note was evidently taken up, for it was delivered to plaintiff by the second indorser, and is in his possession; and he testified that it was paid by his notes, and presumptively the case stands as if the note and demand for overdue interest had been assigned to him.

4. When the defendant purchased the mortgaged premises, it took a bond from Marvin, its grantor, in which he obligates himself to sell for the defendant enough of the lots conveyed to meet the

payments due in 1889 on the mortgage assumed by it, or pay the same when due, and take stock of the company for the amount so disbursed. This agreement was for the benefit of the defendant, and is in the nature of indemnity, but in no way qualified or limited its liability upon its covenant in the deed, and cannot be read with it as a part of the contract of the defendant in assuming the mortgage. The defendant's remedy is against Marvin solely.

Order affirmed.

(Opinion published 56 N. W. Rep. 128.)