[No. 18667.   Department Two.   October 31, 1924.]

N. N. NELSON, *as Administrator of the Estate of Hans N. Nelson, Deceased, Appellant,* v. LEWISTON-CLARKSTON IMPROVEMENT COMPANY, *Respondent.*[1]

JURY (6) — RIGHT TO JURY TRIAL — LEGAL OR EQUITABLE ACTION — QUIETING TITLE. In an action to remove a cloud on title, and for damages, a right to trial by jury does not arise from plaintiff's written waiver of equitable relief, made after the cause had been set for trial before the court and defendant had prayed that its title be quieted.

PLEADING (101)—AMENDMENT — DISCRETION. The denial of an application to amend a complaint after the issues had all been completed will not be disturbed where no abuse of discretion appears.

APPEAL (145) — RECORD — EXCEPTIONS — STATEMENT OF FACTS. In the absence of exceptions and a statement of facts, error cannot be assigned in not segregating damages allowed against two defendants, whom the court found jointly caused the damages without stating how much was caused by either.

Appeal from a judgment of the superior court for Asotin county, Miller, J., entered November 15, 1923, upon findings in favor of the defendant, in an action to quiet title, tried to the court.   Affirmed.

*Benjamin F. Tweedy* and *Otto D. Burns,* for appellant.

*Homer L. Post* and *Cox & Martin,* for respondent.

MITCHELL, J.—An examination of all the pleadings in this case shows that the principal purpose of the parties to the suit was to quiet title to real property. The complaint describes certain property, while the cross-complaint describes a much larger area that includes the property mentioned in the complaint.   The pleadings are exceedingly voluminous and need not

[1]Reported in 229 Pac. 1027.

be set out. They contain allegations and counter allegations of ownership. The complaint alleges facts upon which was predicated the claim of estoppel against the defendant and asked, among other things, for a judgment quieting title. The answer and cross-complaint, in addition to general denials, set up a former adjudication of title against the plaintiff's predecessor in interest by the superior court and an adverse ruling by the commissioner of the general land office, both of which it was alleged became final. The judgment was for the defendant, from which the plaintiff has appealed.

The first assignment is that the court erroneously refused appellant's demand for a jury trial, and in presenting the assignment he calls attention to his written waiver of any demand for equitable relief. The so-called waiver was filed after both parties had appealed to the equity side of the court and after the cause had been set for trial without a jury. No statement of facts has been brought up on the appeal. The trial court made a formal finding that appellant's predecessor, who died after the suit was commenced, and the appellant held possession of the premises described in the complaint wrongfully and against the will of the respondent, so that, upon the whole record, we think the appellant cannot complain at the holding that the case was one triable in equity.

Nor is there any merit in the claim that the court improperly refused to allow the filing of an amended complaint. The application was made after the issues had all been completed, thus appealing to the discretion of the court, and upon an examination of the record, including the proposed amendment, we find there was no abuse of discretion.

It is claimed that the court erred in rendering judgment against Ida B. Nelson. We do not so understand

the judgment. She was dismissed out of the case before the trial took place.

The action was commenced by Hans N. Nelson. Thereafter he died and N. N. Nelson, as administrator of his estate and individually as an heir at law, was substituted as plaintiff. The judgment appealed from, in addition to quieting title to the property in favor of the respondent, gave a money judgment for damages in the sum of $300 against the plaintiff for the wrongful withholding of the property, that is, against N. N. Nelson both in his representative and individual capacities. It is now claimed that the money judgment should not have been against him as an individual. But the court found that Hans N. Nelson and N. N. Nelson, as administrator and individually, jointly caused the damages without stating how much was caused by either of them. We are powerless to disturb the finding and judgment in the absence of exceptions and a statement of facts.

Judgment affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.