[No. 24639.  Department Two.  January 15, 1934.]

J. D. O'MALLEY & COMPANY, *Respondent*, v.
MARTIN LEWIS, *Defendant*, JOHN F.
DORE *et al., Appellants.*[1]

*T. M. Royce,* for appellants.

*Frank R. Jeffrey* and *John C. Bowen (Stewart N. Lombard,* of counsel), for respondent.

HOLCOMB, J.—This action was brought for the right
to be subrogated for the payment of a forfeited bail

[1] Reported in 28 P. (2d) 283.

bond and the recovery of three thousand dollars and attorney's fees. The case was tried to the court and a judgment rendered for the full amount and three hundred dollars attorney's fees.

The bail bond was issued by the New Amsterdam Casualty Company, as surety, with Martin Lewis, as principal. Respondent is a Washington corporation conducting an agency for bond insurance companies. It is not authorized to write bonds in its own name, and acted as agent for the casualty company, which is authorized to do a general bonding business in this state. The agency of respondent was secured under a written agreement between it and the casualty company and a certain collateral agreement, under which respondent agrees to pay all premiums on bonds written and to hold collateral taken by respondent in connection with any bond written as security for the benefit of the casualty company, and in the event of any bond forfeited, respondent is required to pay the amount of the forfeited bond direct to the obligors of the bond.

Prior to October 13, 1927, Martin Lewis, who was named as a party to this action, but never served because of his absence from the state as a fugitive from justice, had been charged with arson, convicted, and granted two new trials, in both of which the jury disagreed. Pending the third trial, Lewis disappeared, but was later apprehended and his bail exonerated.

During the two trials in the superior court, appellant John F. Dore was his attorney, and on October 13, 1927, at which time Lewis was incarcerated in the King county jail, it is alleged and there is some evidence to prove that Dore applied to respondent for a bail bond. The company would not write the bond without indemnity. There is evidence tending to show

that Dore agreed that, if respondent would write the bond, he would indemnify respondent for any loss it might incur in obligating itself. On this condition, respondent, as agent for the casualty company, wrote the bail bond in the latter's name, and at the same time an indemnity agreement was signed by Lewis and also, apparently, by Dore running to the casualty company. There is a conflict in the evidence as to whether he personally conferred with the agent of respondent, or through an office assistant of his own. There is also a conflict in the evidence as to whether Dore paid to respondent the premium and service fees on the bond. There was oral testimony on behalf of respondent that it was paid by his personal check through respondent, which Dore disputed.

Lewis again absconded, failed to appear for trial, and the bail bond given by the casualty company was forfeited. Upon judgment being entered on the forfeiture, demand was made upon Dore to pay the judgment, which he would not do. Execution was then issued against the casualty company on the judgment, and it, in turn, called upon respondent to make payment. Respondent paid the judgment direct to the state of Washington, the obligee, and brought this suit against Martin Lewis and Dore individually and the community composed of John F. Dore and Marian Dore, his wife.

Appellant John F. Dore served and filed an answer, in which he admitted the allegation of the complaint that he had executed and delivered to the New Amsterdam Casualty Company the indemnity agreement referred to, and alleged as an affirmative defense that it was contrary to public policy and void; and further, that neither he nor the community composed of himself and wife received any consideration for the execution and delivery of the indemnity agreement. Ap-

pellant Marian Dore served and filed an answer purporting to be on behalf of herself and for the marital community of herself and husband, in which she made a general denial of the allegations of the complaint on information and belief, and denied any information or knowledge concerning the allegations of the complaint. She alleged as an affirmative defense that the indemnity agreement was contrary to public policy and void, and that no consideration had been received for its execution.

The indemnity agreement was received in evidence, and is before us. After respondent had rested its case, appellant Dore, called as a witness in his own behalf, attempted to testify that he had not signed the indemnity agreement, and that the purported signature thereto was not his.

The contractual portions of the indemnity agreement are these:

"FIFTH, that in the event of payment, settlement or compromise of liability, loss, costs, damages, attorneys' fees, expenses, claims, demands, suits and judgments as aforesaid, in connection with said bond or any continuation or renewal thereof, an itemized statement thereof, sworn to by the surety or the treasurer of said surety, or the voucher or vouchers or other evidence of such payment, settlement or compromise, shall be prima facie evidence of the fact and extent of the liability of the indemnitors in any and all claims or suits hereunder; . . .

"SEVENTH, to waive and do hereby waive all right to claim any of their property, including homesteads, as exempt from levy, execution, sale or other legal process, under the laws of any state or states;

"EIGHTH, that in case any of the Indemnitors shall fail to execute this instrument, or in case any of the Indemnitors who execute this instrument shall not be bound for any reason the other Indemnitors shall nevertheless be bound hereunder for the full amount of

liability, loss, costs, damages, attorneys' fees and expenses as aforesaid; . . .

"Tenth, that this obligation shall be for the benefit of any person, company or companies that may join with the surety as co-surety or co-sureties upon such bond, continuation or renewal thereof, or that may issue reinsurance in favor of the said surety; or which, at the request of the said surety, shall execute such bond, continuations or renewals thereof;"

The trial court rejected the evidence of Dore that the indemnity agreement did not bear his signature because of the state of the pleadings, in that the evidence was not within the issues. A qualified expert on handwriting was also introduced as a witness, and an offer was made to prove by the expert that he had examined the signature and compared it with many other authentic signatures of Dore, and that the signature to the indemnity agreement bears plain evidence of being forged. This evidence was also rejected as not being within the issues.

Although Dore had verified an answer in which he had admitted that the indemnity agreement had been signed by him, the answer having been drawn by his co-counsel during the absence of Dore in the East and his application to amend his answer and offer proof that the signature was not his, it would seem that the amendment should have been allowed and the evidence received and considered by the trial court.

Pleadings have always been liberally construed and amendments liberally allowed under our code by this court, even before the taking effect of the new rules of court on January 24, 1927. The general rule in this state that amendments are allowed or disallowed in the discretion of the trial court was somewhat broadened by subdivision 2 of Rule III, 140 Wash. xxxvi, reading:

"The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. But the order or leave shall be refused if it appears to the court (a) that the motion was made with intent to delay the action, or (b) that the motion was occasioned by lack of diligence on the part of the moving party and the granting of the motion would unduly delay the action or embarrass any other party, or (c) that, for any other reason, the granting of the motion would be unjust." Rem. Rev. Stat., § 308-3.

There is no indication in this case that the motion was made with the intent to delay the action; or that it was occasioned by lack of diligence on the part of the moving party; or that the granting of the motion would have unduly delayed the action and embarrassed any other party; or that, for any other reason, the granting of the motion would have been unjust.

We have allowed amendments of complaints, or considered them as amended at the trial, to conform to the evidence, with the utmost liberality, even in cases of trials to juries; *Hahn v. Brickwell,* 135 Wash. 189, 237 Pac. 305; and even over the strenuous objections of the adverse party; *Hubbard v. Hartford Fire Insurance Co.,* 135 Wash. 558, 238 Pac. 569, 240 Pac. 565. See, also, *Pratt v. Rhodes,* 142 Wash. 411, 253 Pac. 640, 256 Pac. 503; *Johnson v. Grays Harbor Railroad & Light Co.,* 142 Wash. 520, 253 Pac. 819; *Godefroy v. Reilly,* 146 Wash. 257, 262 Pac. 639; *Keane v. Watson Co.,* 149 Wash. 424, 271 Pac. 73; *Eastern Outfitting Co. v. Lamb,* 169 Wash. 480, 14 P. (2d) 30.

In the case last cited, we said that our practice calls for the liberal allowance of amendments in the further-

ance of justice, which principle has been frequently recognized in our decisions.

*Nelson v. Lewiston-Clarkston Improvement Co.,* 131 Wash. 235, 229 Pac. 1027, cited and relied upon by respondent to the effect that the trial court improperly refused to allow the filing of an amended complaint, where we held that there was no abuse of discretion, was a case where the application to amend the complaint, which is the foundation of the controversy, was made in the progress of the trial after all the issues had been completed. It was also decided prior to the adoption of our quoted rule.

*Hepner v. Department of Labor and Industries,* 141 Wash. 55, 250 Pac. 461, where this court affirmed the lower court in refusing to permit the amendment to an answer, was also in the midst of a jury trial. We said that was especially the true rule in a jury trial. The rule of court was not then in force or invoked.

For the foregoing reason, the judgment of the trial court should be reversed and remanded to permit amendment of the answer of appellant Dore and the introduction of such proffered evidence as was rejected. This, of course, would require the further reply and contravailing evidence on behalf of respondent.

There remains to be said something as to the merits of the defenses of appellant.

■ If the indemnity agreement was never signed by appellant John F. Dore, then, of course, there can be no liability. On the other hand, if it was signed and is a valid instrument, being an indemnity agreement, it is a direct obligation on the part of appellant Dore. *Austin v. Wright,* 156 Wash. 24, 286 Pac. 48.

That situation does not preclude respondent from being subrogated to the right of the casualty company

to recover. Subrogation is always liberally allowed in the interests of justice and equity.

A party who discharges an obligation in the performance of a legal duty is entitled to be subrogated to and have the benefit of all the rights of the creditor; and where a principal, acting through an agent, stands a loss, which loss is made good by the agent, the agent is subrogated to any rights of his principal against third parties who may be obligated to reimburse the principal. *Fitzpatrick v. Letten,* 123 La. 748, 49 So. 494, and note in 17 Ann. Cas. 204; *Hough v. Aetna Life Insurance Co.,* 57 Ill. 318, 11 Am. Rep. 18; *Bank of Midland v. Harris,* 114 Ark. 344, 170 S. W. 67, Ann. Cas. 1916 B, 1255; *Murrell v. Henry,* 70 Ark. 161, 66 S. W. 647; *Freeburg v. Eksell,* 123 Ia. 464, 99 N. W. 118; *Stoddart v. Black,* 134 Kan. 838, 8 P. (2d) 305; *Nettleton v. Ramsey County Land & Loan Co.,* 54 Minn. 395, 56 N. W. 128, 40 Am. St. 342.

Regarding the liability of the marital community consisting of John F. Dore and Marian Dore, Dore was engaged in the general practice of law in Seattle. The ordinary business of a married man is presumed to be community business. Dore received either five hundred dollars or seven hundred and fifty dollars as attorney fees in the defense of Lewis. Whatever he did outside the regular business of an attorney at law in behalf of Lewis must be considered to have been something that he considered necessary for a proper defense.

The fact that the marital relation exists and that the business conducted by a husband is his ordinary business, of necessity, raises the presumption that the business is a community business. *Henrickson v. Smith,* 111 Wash. 82, 189 Pac. 550.

The fact that no profit resulted to the community

from the transaction in regard to the indemnity bond is immaterial. *Henning v. Anderson,* 121 Wash. 53, 207 Pac. 1048; *McNamara v. Gerbel,* 167 Wash. 56, 8 P. (2d) 1001.

*Kanters v. Kotick,* 102 Wash. 523, 173 Pac. 329, and like cases, based upon contracts of indemnity or guaranty outside of, and not in the course of, the regular business of a husband, but as a matter of pure accommodation, have no force in such a case as this.

We conclude, therefore, that the interests of justice and equity require that the amendment and the proffered evidence be allowed, and the case is remanded for the sole purpose of permitting the answer of appellant John F. Dore to be amended and evidence received thereunder after the issues have been made by respondent, in order to ascertain whether the indemnity agreement was the agreement of John F. Dore, and therefore bound him and the marital community of both appellants.

Appellants shall recover costs of appeal.

BLAKE and GERAGHTY, JJ., concur.

BEALS, C. J., and TOLMAN, J., concur in the result.