[No. 7040-9-III.   Division Three.   September 4, 1986.]

CAROL A. NEWCOMER, ET AL, *Plaintiffs*, v. GRANT C.
MASINI, ET AL, *Appellants*, ARTHUR EICHLER,
ET AL, *Respondents*.

*James A. Perkins* and *Brooks & Larson, P.S.,* for appellants.

*Bryan G. Evenson, Walter G. Meyer, Jr.,* and *Halverson & Applegate,* for respondents.

McINTURFF, A.C.J.—This case arises out of a motor vehicle/snowmobile accident on January 19, 1982, in which Carol Newcomer was injured. The seminal issue is whether Grant Masini, who made an out–of–court settlement with Mr. Newcomer, may, under a theory of subrogation, recover amounts he paid from third party defendant, Arthur Eichler. We hold he may, and reverse.

Grant Masini was proceeding west on Highway 12 toward the White Pass Ski Resort when he reached an area of road completely covered by several inches of packed ice. As Mr. Masini came around a curve, he observed a snowmobile driven by Mr. Eichler positioned on the left shoulder of the highway. While his close friend, Mr. Newcomer, remained on his snowmobile on the shoulder of the roadway, Mr. Eichler proceeded into the center of the road and stopped in the path of Mr. Masini's truck. Mr. Masini took evasive action, turning left and applying his brakes to avoid colliding with Mr. Eichler. This caused the pickup to slide into Mr. Newcomer's snowmobile, injuring his left leg.

Mr. Newcomer brought this action against Mr. Masini for all injuries and damages resulting from the collision. Mr. Masini joined Mr. Eichler as a third party defendant. Rather than risk judgment in excess of his auto insurance coverage, and despite his belief that Mr. Eichler was fully responsible for the accident, Mr. Masini requested and his insurance carrier agreed to settle with Mr. Newcomer for policy limits of $25,000. Pursuant to an uncontested reasonableness hearing, Mr. Newcomer released Mr. Masini and Mr. Eichler of all liability. The court confirmed the settlement January 18, 1985.

Thereafter, Mr. Masini pursued his third party claim against Mr. Eichler. The jury concluded Mr. Eichler was fully responsible for all damage caused to Mr. Newcomer. Based upon this finding, the court ruled Mr. Masini could not qualify for contribution as he was not a "joint tort-feasor" and dismissed Mr. Masini's third party claim.

Mr. Masini alleges he is entitled to be reimbursed by Mr. Eichler for amounts paid in settlement to Mr. Newcomer, under a theory of equitable subrogation. Mr. Eichler, however, claims among other things that the subrogation claim was not preserved for appeal, and that the claim is barred by the 3–year statute of limitation.

Subrogation is the substitution of one person for another, so that he may succeed to the rights of the creditor in relation to the debt or claim and its rights, remedies and securities. The doctrine arises from the civil law, from which it has been adopted by the courts of equity, *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 13–14, 665 P.2d 887 (1983); *Livingston v. Shelton,* 85 Wn.2d 615, 618–19, 537 P.2d 774 (1975), *cert. denied,* 424 U.S. 958 (1976); L. Simpson, *Suretyship* 206–10 (1950), and applies where one advances money to pay the debt of another to protect his own rights. A court of equity substitutes him in place of the creditor as a matter of course, without any express agreement to that effect. Allowed liberally in the interests of justice and equity, subrogation is not administered as a legal right, but as an equitable principle. *Transamerica Title Ins. Co. v. Johnson,* 103 Wn.2d 409, 693 P.2d 697 (1985); *J.D. O'Malley & Co. v. Lewis,* 176 Wash. 194, 201, 28 P.2d 283 (1934). A corollary of the underlying theory of unjust enrichment, subrogation is an additional remedy, rather than additional right, existing concurrently with the right to an action for reimbursement. 6 J. Pomeroy, *Equity* § 920, at 1492 n.62 (1905).

By contrast, indemnity[1] pertained to those situations

---

[1]The Legislature abolished the common law right of indemnity between active and passive tortfeasors. RCW 4.22.040(3).

where a person, who without fault on his part, was compelled to pay damages occasioned by the negligence of another. *Olch v. Pacific Press & Shear Co.,* 19 Wn. App. 89, 93, 573 P.2d 1355, *review denied,* 90 Wn.2d 1017 (1978); *In re New Eng. Fish Co.,* 749 F.2d 1277, 1282 (9th Cir. 1984) (applying Washington law); *see also* Annot., *When Does Statute of Limitations Begin To Run Upon an Action by Subrogated Insurer Against Third–Party Tortfeasor,* 91 A.L.R.3d 844, 847 (1979); *see generally* Annot., *When Statute of Limitations Commences To Run Against Claim for Contribution or Indemnity Based on Tort,* 57 A.L.R.3d 866 (1974).

■ Mr. Eichler's principal argument against applying subrogation here is that Mr. Masini waived the issue by failing to allege it in his complaint. It is true that Mr. Masini's complaint alleged claims under theories of "indemnity and/or contribution only." But after the court denied recovery because Mr. Masini was not a "joint tortfeasor", Mr. Masini moved for reconsideration alleging theories of unjust enrichment and equitable indemnity. Even though the key words "equitable subrogation" do not expressly appear in the complaint or the motion for reconsideration, we conclude the issue was sufficiently raised and preserved in the motion for reconsideration. *Cf. Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 369, 617 P.2d 704 (1980) (issue may be preserved during motion for reconsideration). Mr. Masini's theory of subrogation is not dependent upon new facts and is closely related to and part of the theory of unjust enrichment. Since subrogation is a corollary of the unjust enrichment theory, Mr. Masini need not have expressly presented every theory supporting his argument for reimbursement. It was sufficient here that he expanded and refined details of an argument already presented at trial.

■ Mr. Eichler also claims Mr. Masini failed to bring his action within the 3–year statute limitation period. In subrogation claims, equity will enforce rights only when the action is brought within the time in which an action could

have been brought to enforce the original obligation to which the right of subrogation is sought. *Commercial Union Assur. Co. v. San Jose,* 127 Cal. App. 3d 730, 179 Cal. Rptr. 814, 816–17 (1982); *Silva v. Home Indem. Co.,* __ R.I. __, 416 A.2d 664, 667 (1980); *May Trucking Co. v. International Harvester Co.,* 97 Idaho 319, 543 P.2d 1159, 1161–62 (1975); Annot., 91 A.L.R.3d at 850–54. The accident occurred January 19, 1982. Therefore, the 3–year statute of limitation on any claim which Mr. Newcomer might have brought against Mr. Masini expired 3 years later, January 19, 1985. Since Mr. Masini brought his third party claim August 4, 1983, he complied with the 3–year statute of limitation. RCW 4.16.080(2).

Next, Mr. Eichler alleges that since he was never sued by the Newcomers, he had no actual liability. Consequently, he claims, Mr. Masini's payment was "voluntary" and unenforceable. Mr. Eichler confuses indemnity with subrogation. Only in indemnity claims must an indemnitee who settles a claim before judgment prove he was in fact liable in damages. Justice Rosellini, speaking for the court in *Nelson v. Sponberg,* 51 Wn.2d 371, 376, 318 P.2d 951 (1957) wrote:

> [A]n indemnitee who seeks reimbursement from his indemnitor for a payment made by him in discharge of a claim indemnified against is not bound to submit to suit before paying the claim; but if he pays without such suit, as a condition of recovery from his indemnitor, he is under the necessity of proving that he was liable for the amount thus paid.

Potential liability does not satisfy that requirement. *United Boatbuilders, Inc. v. Tempo Prods. Co.,* 1 Wn. App. 177, 180, 459 P.2d 958 (1969).

In subrogation claims, however, there is no requirement of "actual liability." Subrogation exists when a party, not a volunteer, pays another's obligation for which the subrogee has no primary liability in order to protect such subrogee's own rights and interests. *Briggs,* at 14; *Livingston,* at 618–19. One is a "volunteer" and not entitled to subrogation if, in making payment, he has no right or

interest of his own to protect and acts without obligation, moral or legal, and without being requested to do so by a person liable on the obligation. *Livingston,* 85 Wn.2d at 619; *In re Farmers & Merchants State Bank,* 175 Wash. 78, 88, 26 P.2d 631 (1933); *Austin v. Wright,* 156 Wash. 24, 30, 286 P. 48 (1930); Restatement (Second) of Restitution § 162 (1937); L. Simpson.

Here, Mr. Masini was not a volunteer as that term in law is understood. He was a defendant to the lawsuit and, until the case was decided, might have been determined to be liable for an amount substantially in excess of his insurance coverage. One who settles under threat of civil suit is not a volunteer, and is, therefore, entitled to recover through subrogation. Restatement (Second) of Restitution § 71, at 290 (1937); *Rawson v. Omaha,* 212 Neb. 159, 322 N.W.2d 381, 384–85 (1982).

Next, Mr. Eichler alleges he was not unjustly enriched by Mr. Masini's pretrial settlement because Mr. Eichler was never a named party in Mr. Newcomer's complaint. This is an overly restrictive view of the equitable doctrine of subrogation, which is founded in the facts and circumstances of each particular case. *Credit Bur. Corp. v. Beckstead,* 63 Wn.2d 183, 186, 385 P.2d 864 (1963); *Coy v. Raabe,* 69 Wn.2d 346, 350–51, 418 P.2d 728 (1966). After weighing and balancing the equities of the parties with regard to their legal and equitable rights, it is appropriate to apply the doctrine of subrogation here. The jury returned a verdict clearly indicating the sole proximate cause of Mr. Newcomer's injuries resulted from Mr. Eichler's negligence of stopping in the middle of the road, forcing Mr. Masini to take evasive action. Consequently, the settlement amount paid by Mr. Masini and his insurer unjustly enriched the one at fault and should be recoverable.

Mr. Eichler also claims the release executed between Mr. Newcomer and Mr. Masini bars the subrogation claim. Mr. Newcomer and Mr. Masini entered into a court–approved release January 18, 1985. That release provides,

in pertinent part:

> Pursuant to the order of the above–entitled court heretofore entered, authorizing and directing Carol A. Newcomer and Rachel Newcomer, husband and wife, plaintiffs, to fully compromise and settle their claims for damages against defendants Masini and third–party defendant Eichler . . . [the release further authorizes and directs] plaintiffs Newcomer to execute a release to the said defendants Masini and third–party defendants Eichler, and their respective insurers, fully releasing them from any and all further liability for injuries and/or damages sustained by . . . Newcomer as a result of said accident . . .
>
> . . . Carol A. Newcomer and Rachel Newcomer, for themselves individually and on behalf of their marital community, do hereby fully release, settle and compromise any and all claims, past, present and future that they, or either of them, have or may have against defendants Masini and third–party defendants Eichler, and their respective insurers, arising out of the said accident.

Mr. Eichler claims the release discharged any liability he may have had, thereby barring any attempt by Mr. Masini to impose a subrogated claim against him. But this contention also takes an overly restrictive view of the equitable doctrine of subrogation. Mr. Masini paid $25,000 to release both Mr. Masini and Mr. Eichler from any potential liability arising out of the accident. The release contains no language precluding Mr. Masini's subrogation claim against Mr. Eichler. Furthermore, once Mr. Masini paid the debt, equity affords him the opportunity to reclaim those moneys paid from the party who unjustly benefited from the payment, in this case, Mr. Eichler. Hence, we hold the release allows for Mr. Masini's claim for compensation from Mr. Eichler.

Finally, Mr. Masini seeks attorney fees on appeal, citing *Abrahamson v. Burnett,* 157 Wash. 668, 290 P. 228 (1930) and *Jones v. Strom Constr. Co.,* 84 Wn.2d 518, 527 P.2d 1115 (1974). This court may award attorney fees as part of costs of litigation only when there is a contractual, statu-

tory or recognized equitable basis. *Miotke v. Spokane,* 101 Wn.2d 307, 338, 678 P.2d 803 (1984); *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 176, 570 P.2d 428, 97 A.L.R.3d 482 (1977). The cases cited by Mr. Masini do not support his request for attorney fees because he advances a subrogation, not an indemnity claim. The cases cited apply only to indemnity claims. Accordingly, we do not award attorney fees.

The judgment of the Superior Court is reversed.

MUNSON and THOMPSON, JJ., concur.

Reconsideration denied December 9, 1986.