**NUVEEN QUALITY INCOME MUNICIPAL FUND INC.,**
Plaintiff,

and

**City of Spokane, WA, Counter-claimant—Appellant,**

v.

**PRUDENTIAL EQUITY GROUP, LLC,** a Delaware corporation, Counter-defendant—Appellee.

**Nuveen Quality Income Municipal Fund Inc.,** Plaintiff,

and

**City of Spokane, WA, Counter-claimant—Appellee,**

v.

**Prudential Equity Group, LLC, a Delaware corporation, Counter-defendant—Appellant.**

Nos. 06–35179, 06–35223.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Jan. 7, 2008.

---

George M. Ahrend, Esq., Dano Law Firm, Moses Lake, WA, Gary Ceriani, Davis & Ceriani, Denver, CO, Laurel H. Siddoway, Esq., Randall & Danskin, P.S., Spokane, WA, for Counter–Claimant––Appellee.

Christian N. Oldham, Esq., Rudy Albert Englund, Lane Powell, PC, Seattle, WA, for Counter–Defendant––Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER *, District Judge.

### MEMORANDUM **

The City of Spokane appeals from, *inter alia*, the district court's determination of the maximum amount it could recover in contribution. The City also moves this court to certify two questions to the Supreme Court of Washington, and Prudential Equity Group, LLC, protectively cross-appeals. We affirm the district court and deny the motion to certify.

The City's primary contention on appeal is that the "district court's reductions of the City's recoverable contribution damages at the reasonableness hearing were erroneous and unsupported by the record." In settling with the original plaintiffs, the City agreed to pay "the principal of *all of the Bonds outstanding* and

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the interest accrued thereon." But not every bondholder actually maintained claims against Prudential at the time of the settlement. Because Washington law authorizes contribution from only *liable* parties and because Prudential could not be held liable in this lawsuit to nonparty bondholders or for claims that were not actually presented in the pending action (such as the claim for AGIC's future damages), the district court properly eliminated from the City's contribution claim amounts paid to those nonparty bondholders or for claims that were not pending in the litigation. *See* Wash. Rev.Code § 4.22.040(1); *All–Pure Chem. Co. v. White,* 127 Wash.2d 1, 896 P.2d 697, 698–99 (1995) (en banc); *Glass v. Stahl Specialty Co.,* 97 Wash.2d 880, 652 P.2d 948, 952 (1982) (en banc).

In calculating the value of the bonds redeemed by the City, necessary in order to determine the amount of the net payment by the City to settle the pending claims, the district court did not assign "fault" to the City. The approach used by the court to adjust the bond value was supported by the City's own expert. The City failed to establish that the district court's factual findings regarding the value of the bonds, the net settlement payment by the City, the amounts recovered by the City from other defendants, or the amount of the City's contribution claim against Prudential were clearly erroneous. *See Plumber, Steamfitter & Shipfitter Indus. Pension Plan & Trust v. Siemens Bldg. Tech. Inc.,* 228 F.3d 964, 969 (9th Cir. 2000). Based on those calculations, which led the district court to conclude that the City's contribution claim against Prudential had already been fully satisfied, the dismissal of the action was appropriate.

The City also contends that the district court erred "in refus[ing] to hold reasonableness hearings for the City's partial settlements" with other defendants. The City claims that "the purpose of [its] request for a reasonableness hearing was to preserve its ability to hold Prudential jointly and severally liable for damages at the contribution trial." The district court's dismissal of Prudential undercut this purpose, however, as Prudential could no longer be held liable at a contribution trial. The district court properly denied the City's requests as moot.

■ We also reject the City's assertion that the district court erred in granting Prudential's motion for summary judgment on the indemnity and subrogation claims. The City was not entitled to indemnification from Prudential because it admitted that it is partly liable to the original plaintiffs and does not seek "full reimbursement" or claim that Prudential should bear the "entire loss" that the City paid to the original plaintiffs. *See Zamora v. Mobil Corp.,* 104 Wash.2d 211, 704 P.2d 591, 596 (1985) (en banc); *Sabey v. Howard Johnson & Co.,* 101 Wash.App. 575, 5 P.3d 730, 737 (2000); *Newcomer v. Masini,* 45 Wash.App. 284, 724 P.2d 1122, 1124 (1986). Regarding the subrogation claim, the City presented no evidence to the district court creating any dispute of fact or establishing that it purged itself "by adequate and effective renunciation and repudiation." Moreover, because the City concedes that it "dealt unjustly in the very transaction concerning which [it] complains," the unclean hands doctrine bars its subrogation claim. *See McKelvie v. Hackney,* 58 Wash.2d 23, 360 P.2d 746, 752 (1961) (emphasis and citation omitted). We therefore affirm the district court's grant of summary judgment on the City's indemnity and subrogation claims.

■ An expert opinion is properly excluded where it relies on an assumption that is unsupported by evidence in the record and is not sufficiently founded on facts. *See Guidroz–Brault v. Mo. Pac. R.R. Co.,* 254 F.3d 825, 829–31 (9th Cir.

2001). Allan Kleidon's assumption that there would be sufficient money to pay the garage's operating expenses was supported by the record. Prior to the City's settlement with the original plaintiffs, Washington state courts had held that the City was under a duty to offer loans to the City's Public Development Authority. Because the loans were intended to cover the garage's operating expenses, Kleidon's assumption was based on the reasonable expectation that the City would comply with the state court orders by providing loans to cover the operating expenses. Kleidon's assumption that the bond trustee would not accelerate the maturity of the bonds was supported by the trustee's deposition testimony that he previously considered and rejected the idea of acceleration. Because Kleidon's assumptions were supported by the record, the district court did not abuse its discretion in admitting his expert opinion. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 879 (9th Cir.2000).

Washington appellate courts have held that reliance is an element of a claim under the Washington State Securities Act (WSSA). *See, e.g., Hines v. Data Line Sys., Inc.*, 114 Wash.2d 127, 787 P.2d 8, 12 (1990) (en banc); *Stewart v. Estate of Steiner*, 122 Wash.App. 258, 93 P.3d 919, 922 (2004). We therefore affirm the district court on this point.

Under Wash. Rev.Code § 2.60.020, this court may certify questions of state law to the Supreme Court of Washington if it determines "it is necessary to ascertain the local law of this state in order to dispose of [the present] proceeding and the local law has not been clearly determined." It is unnecessary to determine whether Washington's tort reform statutes implicitly repeal portions of the WSSA in order to dispose of this appeal, and Washington

courts have clearly determined that reliance is an element of a claim under the WSSA. *See, e.g., Stewart,* 93 P.3d at 922. Certification is therefore inappropriate, and we deny the City's motion. *See* Wash. Rev.Code § 2.60.020.

Because we affirm the district court in all respects, we need not and do not address Prudential's protective cross-appeal.

**AFFIRMED; MOTION FOR CERTIFICATION DENIED.**