# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROBERT E. MARTIN, | No. 53494-1-II |
| Respondent, | |
| v. | |
| KIMBERLY HAN, and KITSAP COUNTY, | UNPUBLISHED OPINION |
| Appellants. | |

MELNICK, J. — Kimberly Han appeals an order granting summary judgment to Robert Martin on a claim of unjust enrichment. Han argues the court erred by granting summary judgment to Martin because a material fact is in dispute. Han also argues Martin cannot bring an unjust enrichment claim because he was a volunteer. Lastly, Han argues that if summary judgment is affirmed, the judgment amount was incorrect. We affirm but remand to correct the judgment amount.

## FACTS

Han and Martin met each other after she became his neighbor. They became good friends. Han provided home care for Martin during an illness, and Martin helped Han with home maintenance. At some point, Han acquired a bank loan for business purposes. Martin helped Han acquire the loan by providing his certificates of deposit (CDs) as collateral. At some point after Han and Martin signed the loan document, they became estranged.

Han made payments on the loan until she could not pay a balloon payment that became due. As a result, Han defaulted on the loan and the bank used Martin's CDs to pay the outstanding balance. Martin sued Han for unjust enrichment seeking the value of the CDs.

In a pretrial deposition, Han stated that she believed the purpose of the loan was a gift from Martin. Han also stated that Martin wanted to help her with the loan so she could build her credit.

> Q: You say, "The purpose of the loan"—and the loan refers to the Kitsap Credit Union loan that you took out with Mr. Martin as a cosigner; is that right?
> A: Yes.
> Q: Okay. And you say the purpose of the loan was actually a gift to help you recover or rebuild your credit?
> A: Yes
> Q: So what do you mean by that?
> A: He said, since I needed help, so he said he want to help me out due to my credit.

Clerk's Papers (CP) at 55-56

When asked about the CDs, Han said that Martin had intended to give her the CDs upon his death and that he had probably used them to pay off the loan instead. Han admitted that she received the loan and that she used it for her benefit. Han understood that she was responsible for repaying the loan. Han admitted that she defaulted on the loan. Han also admitted that Martin's CDs were used to pay the balance of the loan.

Martin moved for summary judgment. To support his summary judgment motion, Martin relied on Han's deposition, interrogatory responses, and other discovery she provided. The trial court granted his motion and awarded Martin $296,779.73. Han appeals.

ANALYSIS

I.      STANDARD OF REVIEW

We review orders of summary judgment de novo, and perform the same inquiry as the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). We consider the facts

and the inferences from the facts in the light most favorable to the nonmoving party. *Bremerton Pub. Safety Ass'n v. City of Bremerton*, 104 Wn. App. 226, 230, 15 P.3d 688 (2001). A party is entitled to summary judgment if the pleadings, affidavits, and depositions establish that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. CR 56(c); *Lybbert*, 141 Wn.2d at 34.

II.      GIFT

Han argues that a dispute of a material fact exists as to whether Martin intended to give her a gift. We disagree.

"The essential elements of a valid gift are: (1) an intention on the part of the donor to presently give; (2) a subject matter capable of passing by delivery; and (3) an actual delivery at the time." *Henderson v. Tagg*, 68 Wn.2d 188, 192, 412 P.2d 112 (1966). The donor must demonstrate a "clear and unmistakable intention" to make a gift. *In re Gallinger's Estate*, 31 Wn.2d 823, 829, 199 P.2d 575 (1948).

The undisputed facts, taken in a light most favorable to Han, are that she received the proceeds of the bank loan. She used the money for her benefit and she intended to pay the bank back for the loan. Martin co-signed the loan with the expectation that Han would pay it back. Han defaulted on the loan and the bank used the collateral posted by Martin to pay off the default.

Han argues that her deposition testimony, quoted above, shows a material disputed fact exists. However, Han mischaracterizes her testimony, as does the dissent, even when viewing it in the light most favorable to her. The loan is from the bank, not Martin. Her deposition testimony does not demonstrate that Martin intended to pay off the bank loan as a gift. In addition, Han speculates as to Martin "probably" giving the CDs to her now instead of after he dies. CP at 66. Martin did not give Han the CDs. He allowed them to be used as collateral for a loan that Han

3

knew she had to pay off. Han does not provide any facts showing that Martin gifted the CDs to her.

Because there are no material facts in dispute, the court did not err in granting summary judgment.

III.    UNJUST ENRICHMENT

Han argues that Martin cannot bring an unjust enrichment claim because he voluntarily provided his CDs as collateral, which makes him a volunteer. We disagree.

An unjust enrichment claim, has three elements: that "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 484-85, 191 P.3d 1258 (2008). Additionally, the plaintiff conferring the benefit must not be a volunteer. *Lynch v. Deaconess Med. Ctr.*, 113 Wn.2d 162, 165, 775 P.2d 681 (1989); *Ellenburg v. Larson Fruit Co., Inc.*, 66 Wn. App. 246, 251-52, 835 P.2d 225 (1992).

Courts look to the surrounding circumstances to determine whether a person is a volunteer, including "(1) whether the benefits were conferred at the request of the party benefited, (2) whether the party benefited knew of the payment, but stood back and let the party make the payment, and (3) whether the benefits were necessary to protect the interests of the party who conferred the benefit or the party who benefited thereby." *Larson Fruit Co.*, 66 Wn. App. at 251-52 (internal citations omitted). A volunteer is a person who pays someone's financial obligations without request from the person benefitted. *Newcomer v. Masini*, 45 Wn. App. 284, 288-89, 724 P.2d 1122 (1986). Volunteers act even though they have no legal or moral obligation to do so. *Masini*, 45 Wn. App. at 288-89.

Here, Martin correctly claims that Han conceded the material facts necessary for him to prevail on his unjust enrichment claim. First, Han admitted she received the loan from the bank for her benefit. Second, Han received the loan because Martin co-signed on the loan and used his CDs as collateral; therefore, Han received the benefit of the loan at Martin's expense. Third, Han retained the loan money even when she understood that she had sole responsibility for repaying the loan. Han admitted that she defaulted on the loan and understood that as a result Martin's CDs were forfeited to pay the loan balance. In light of Han's knowledge that she was responsible for repaying the loan, it is unjust for Han to retain the benefits without paying Martin back.

Han argues that Martin cannot recover under unjust enrichment because Martin became a volunteer by signing the loan document. Han bases this argument on her deposition statements, where she said Martin wanted to help her. The summary of these statements is that Martin wanted to help Han rebuild her credit and as such offered his CDs as collateral.

Relying on the language in *Masini*, there is no evidence that Martin was a volunteer. The evidence does not demonstrate that Han did not request Martin to post the CDs as collateral. Martin paid the defaulted balance on Han's loan because he had the legal obligation to do so as a co-signer. While Martin may have offered to help Han, there is no evidence to support he is a volunteer.

We conclude the trial court properly granted Martin's order for summary judgment

IV. JUDGMENT AMOUNT

Han argues that if we affirm the order for summary judgment, the judgment amount should be recalculated based on loan payments Han made prior to her default. Martin concedes that the judgment should be reduced in the amount of Han's loan payments. We agree with Han and accept Martin's concession.

5

We affirm the court's order granting summary judgment but remand for it to recalculate the judgment amount.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

I concur:

Cruser, J.

Maxa, J. (dissenting) – The evidence in this case certainly could be more clear. However, when the evidence is viewed in the light most favorable to Kimberly Han, there are genuine issues of fact regarding whether (1) Robert Martin intended that the use of his certificates of deposit (CDs) to pay off Han's defaulted loan would be a gift to Han, and (2) allowing Han to obtain a benefit at Martin's expense would be "unjust." Therefore, the majority opinion wrongfully affirms the trial court's grant of summary judgment in favor of Martin.

Han claims that Martin's payment of the loan amount from his CDs was a gift in lieu of bequeathing the same amount to her when he died. In an interrogatory answer, Han stated that Martin told her that when she no longer paid on the loan, the money she received would be the only money she would get from him. In another interrogatory answer, Han stated that "[a]*fter the CDs were taken by the bank*," Martin stated that Han now had already received everything he was going to give her. Clerk's Papers at 79 (emphasis added). These statements along with Han's somewhat confusing deposition testimony creates an inference that using the CDs to pay off the loan was a gift from Martin to Han.

Han also argues that Martin cannot prevail on his unjust enrichment theory because payment of the defaulted loan with the CDs was not unjust. An essential element of an unjust enrichment claim is even though the defendant may have received a benefit at the plaintiff's expense, *the circumstances must make it unjust* for the defendant to retain the benefit without payment. *Norcon Builders, LLC v. GMP Homes VG, LLC*, 161 Wn. App. 474, 490, 254 P.3d 835 (2011). "The mere fact that a defendant has received a benefit from the plaintiff is insufficient alone to justify recovery." *Id.* In other words, enrichment alone is not enough; it must be unjust as between the parties under the circumstances. *Id.*

Here, Martin had the burden of presenting evidence that it was unjust for Han to receive the benefit, not just that she was "enriched." But Martin presented no such evidence. Martin presented evidence that Han had an obligation to repay the loan and that he paid it instead through his CDs. But that evidence shows only enrichment, not *unjust* enrichment. The only other evidence that Martin presented gave rise to an inference that he did not expect to be paid back.

A jury should be allowed to decide whether Martin intended a gift and whether Martin's payment of Han's loan with his CDs was unjust. Accordingly, I dissent.

_____
Maxa, P.J.