FILED
11/10/2025
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KYLA HAILSTONE, Guardian for T.H., a minor, and individually, | No. 87194-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| SEATTLE CHILDREN'S HOSPITAL, a non-profit Washington Corporation, | |
| Respondent. | |

SMITH, J. — In 2024, Kayla Hailstone received a civil judgment against Seattle Children's Hospital for negligence which caused injury to her minor child, T.H. Hailstone moved to disburse funds. The law firm of Stritmatter, Kessler, Koehler, Moore filed a response as plaintiff's counsel to Hailstone's motion to disburse, which included counsel costs, a subrogation lien, and a condition that Hailstone open a blocked account for T.H. Hailstone then filed a verified reply to SKKM's response, cross motion for sanctions, and brief in support. The court issued an order on motion to disburse, ordering: (1) the clerk of the court registry to pay SKKM's costs, (2) the total subrogation lien amounts be held in court registry, and (3) to disburse remaining settlement funds into a blocked account opened by Hailstone. Hailstone appeals.

We affirm.

FACTS

The law firm of Stritmatter, Kessler, Koehler, Moore (SKKM), initiated a law suit on behalf of both Kayla Hailstone as T.H.'s Guardian, and individually, alleging Seattle Children's Hospital was negligent.  In April 2024, a jury found that Seattle Children's Hospital was negligent in (1) leaving a foreign body in T.H.'s body during surgery, proximately causing injury to T.H., and (2) exposing T.H. to the risk of Aspergillus mold, proximately causing injury to T.H.  The jury found damages totaling $225,000 for T.H. and $10,000 for Hailstone.  In May 2024, SKKM filed a notice of presentation of judgment and the court issued a judgment on verdict, listing SKKM and Layman Law Firm as the attorneys for judgment creditor for both T.H. and Hailstone.  On July 19, 2024, Hailstone filed a motion to disburse funds, a proposed order to disburse funds, and a declaration of mailing.  On August 8, 2024, SKKM filed a notice of hearing for August 21, 2024 for Hailstone's motion to disburse.  SKKM then filed a response of plaintiff's counsel to Hailstone's motion to disburse.  The response indicated that plaintiff's counsel's costs totaled $34,045.93, and pending subrogation liens totaled $25,333.80.  The response also stated that Hailstone should open a blocked account with a state or federally regulated and insured financial institution in the State of Montana, using T.H.'s social security number to deposit the settlement proceeds.  The response included a declaration of Karen Koehler, the plaintiff's attorney, supporting the response.  Hailstone then filed a verified reply to SKKM's response, cross motion for sanctions, and brief in support.  The reply asserted that SKKM response and Koehler's declaration were "false and []

2

deliberate misrepresentation[s] of the materials facts." Hailstone contended that the court should disburse the entire settlement amount of $225,000 into T.H.'s existing bank account, which would be kept in simple trust.

In September 2024, the court issued an order on motion to disburse, ordering: (1) plaintiff counsel's costs totaling $34,045.93 shall be paid by the clerk of the court registry to SKKM, (2) the total subrogation liens totaling $25,333.80 shall be held in the court registry until an order is entered, (3) the net judgement totaling $167,367.87 shall be deposited into a state or federally regulated and insured financial institution, and (4) the account shall be a blocked account, opened by Hailstone with T.H.'s social security number and the funds would only be released by a court order. Hailstone appeals. SKKM moved for leave to file a response to the appeal. Hailstone contested their participation and SKKM later filed a response to her motion to disqualify Shannon Kilpatrick, indicating that they were no longer seeking reimbursement for costs from the court registry.

ANALYSIS

Order for Settlement Funds to be Deposited in a Blocked Account

Hailstone claims that the court erred because it failed to provide adequate avenues for T.H. to seek remedy and access her property when it held that the settlement funds should be disbursed into a blocked account. Furthermore, Hailstone asserts that since T.H. is now over 18 years old, the funds should be disbursed in T.H.'s existing bank account.

Statutory interpretation is reviewed de novo. *State v. Gonce*, 200 Wn. App. 847, 855, 403 P.3d 918 (2017). Our primary objective is to give effect to the legislature's intent. *Gonce*, 200 Wn. App. at 855.

Under Washington Superior Court Special Proceedings Rule (SPR) 98.16W(i), for settlements of claims of minors, settlements shall be made to the trust or into a blocked account for the affected person with provision that withdrawals cannot be made except as provided in the trust instrument or as ordered by the court.

T.H. was a minor when the judgment was ordered, therefore the funds should have been deposited into trust or a blocked account. The court did not err when ruling the funds should be held in a blocked account.

<u>Attorney-Client Relationship Between Hailstone and SKKM</u>

Hailstone asserts that the court erred when it found that an attorney-client relationship existed between Hailstone and SKKM. Hailstone claims that the only attorney-client relationship that exists with SKKM was "exclusively related to a class action against Seattle Children's Hospital." (Emphasis and internal quotation marks omitted.) Hailstone says she was "never given the consideration of agreeing to this case."

"Determining whether an attorney/client relationship exists necessarily involves questions of fact." *Bohn v. Cody*, 119 Wn.2d 357, 363, 832 P.2d 71 (1992). An attorney-client relationship " 'may be inferred from the parties' conduct or based upon the client's reasonable subjective belief that such a relationship exists.' " *State v. Reeder*, 181 Wn. App. 897, 910, 330 P.3d 786

4

(2014) (quoting *Teja v. Saran*, 68 Wn. App. 793, 795, 846 P.2d 1375 (1993)). The attorney-client relationship does not need to be memorialized in writing. *In re Disciplinary Proc. Against Egger*, 152 Wn.2d 393, 410, 98 P.3d 477 (2004).

The record supports that SKKM represented Hailstone until her judgment was awarded. Hailstone cited multiple instances in her brief where she communicated with SKKM about the case. In February 2024, Hailstone e-mailed SKKM about her desire for more transparency about the case and that she wanted SKKM to speak with her before moving the trial date.

Hailstone also provided e-mails where SKKM discussed with Hailstone the need for a Litigation Guardian ad Litem. Prior to trial, SKKM and Hailstone also had a Zoom meeting in anticipation of trial. In June 2024, Hailstone demanded that SKKM disclose all case costs. Furthermore, Hailstone signed the declaration of mailing of motion and order to disburse funds, stating that the order to disburse funds was sent to SKKM. A reasonable person could infer through the parties' conduct that an attorney-client relationship existed between Hailstone and SKKM.

### Costs Awarded to SKKM

Hailstone insists that she was not aware of the breadth of the costs of the litigation. Hailstone says she demanded disclosure for all costs, and SKKM did not respond.

The issue of awarding costs and attorney fees is reviewed under an abuse of discretion standard. *Sanders v. State*, 169 Wn.2d 827, 866-67, 240 P.3d 120 (2010).

The trial court awarded attorney costs based on the costs SKKM detailed in the response of plaintiff's counsel to motion to disburse. When Hailstone filed her verified reply to SKKM, she contested, for the first time, reimbursement of costs as well as the nature of the relationship between her and T.H., and SKKM.

While the declaration in support of the costs is sufficient to support the award of costs and the subrogation lien amounts, the issue of prior notification to Hailstone that SKKM would be seeking costs, was not addressed by the court or SKKM. Because Hailstone raised the issue in her reply, the court was not required to address it. *White v. Kent Med. Ctr., Inc., P.S.,* 61 Wn. App. 163, 168, 810 P.2d 4 (1991) ("the rule is well settled that the court will not consider issues raised for the first time in a reply brief"). However, it now appears that the issue of reimbursement for costs is moot as SKKM has indicated they are no longer seeking reimbursement for any costs.

The trial court did not abuse its discretion when it entered a judgment for SKKM's costs and the subrogation lien.

<u>Alleged Attorney Misconduct</u>

Hailstone challenges that the court erred when it failed to acknowledge that Koehler deliberately misled the court with statements that amounted to perjury. Hailstone also asserts that Koehler was in violation of Court Rules (CR) 11.

We review sanctions under an abuse of discretion standard. *State v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998).

Under CR 11, by signing a motion, an attorney certifies that to the best of the attorney's knowledge, information, and belief after reasonable inquiry, the motion (1) "is well grounded in fact," (2) "is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law," (3) "is not interposed for any improper purpose," and (4) contains only denials of factual contentions that "are warranted on the evidence." CR 11(a). If a pleading is signed in violation of this rule, the court may impose an order for sanctions. CR 11(a).

Hailstone raised similar misconduct claims and requested sanctions in her reply to SKKM. The trial court did not find any misconduct, nor did it grant Hailstone's request for sanctions. The record does not support that SKKM violated CR 11. We find no error.

<u>Subrogation Liens Deducted from Settlement Award</u>

Hailstone contends that the court erred by affirming the subrogation lien based solely on Koehler's declaration, and erred when it ignored Hailstone's concerns that SKKM failed to provide any material regarding the lien.

The trial court's award of costs is reviewed for abuse of discretion. *Sanders*, 169 Wn.2d at 866-67.

Our state's doctrine of equitable subrogation "enables an insurer that has paid its insured's loss to recoup that payment from the party responsible for the loss." *Brit. Columbia Ministry of Health v. Homewood*, 93 Wn. App. 702, 712, 970 P.2d 381 (1999). "Subrogation is favored in Washington law" and is " 'always liberally allowed in the interests of justice and equity.' " *Mahler v.*

*Szucs*, 135 Wn.2d 398, 412, 957 P.2d 632 (1998) (quoting *J.D. O'Malley & Co. v. Lewis*, 176 Wash. 194, 201, 28 P2d 283 (1934)).   Subrogation has two parts: the right to reimbursement and the mechanism for the enforcement of the right. *Mahler*, 135 Wn.2d at 412.  To enforce its right to recovery, subrogee may seek reimbursement from the insured's recovery, or it may pursue an action against the third party.  *Kosovan v. Omni Ins. Co.*, 19 Wn. App. 2d 668, 692, 496 P.3d 347 (2021).  "Reimbursement may be enforced as a type of lien against any recovery the subrogor secures from the third party."  *Mahler*, 135 Wn.2d at 413. Under RCW 41.05A.070, the lien's fees and costs must be "approved by the court in which the action was initiated."

In Hailstone's case, The Phia Group sought to enforce its subrogation through reimbursement from Hailstone's settlement from Seattle Children's Hospital.  However, the trial court merely had the amount requested placed in the court registry and not disbursed.  An order must be entered prior to any funds being released.  Because no order has been entered, we decline to rule on this issue.

<u>Proceedings in Washington Versus Montana</u>

Hailstone claims that it was error for the court to force T.H. to proceed in Washington courts to obtain her damages, as opposed to Montana, her state of residence.

A court's "assertion of personal jurisdiction is a question of law that we review de novo," where "the jurisdictionally relevant facts are undisputed*." Failla v. FixtureOne Corp.*, 181 Wn.2d 642, 336 P.3d 1112 (2014).

A party waives any claim of lack of personal jurisdiction if, before the court rules, they ask the court to grant affirmative relief, or otherwise impliedly consents to the court's exercising jurisdiction. *State v. Jenkins*, 102 Wn. App. 60, 63, 7 P.3d 818 (2000). Under CR 12(h):

> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived
>
> (A) if omitted from a motion in the circumstances described in section (g), or
>
> (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by rule 15(a) to be made as a matter of course.

When a party seeks permissive affirmative relief, the party waives the defense of lack of personal jurisdiction. *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wn. App. 419, 425, 628 P.2d 851 (1981). Affirmative relief is defined as " '[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.' " *Negash v. Sawyer*, 131 Wn. App. 822, 827, 129 P.3d 824 (2006) (alteration in original) (quoting *Grange Ins. Ass'n v. State*, 100 Wn.2d 752, 765-66, 757 P.2d 933 (1988)).

As the plaintiff, Hailstone requested relief from the court in Washington State when she initiated her suit. Once she filed and appeared in Washington State, it was appropriate for the case to proceed in Washington State. Nothing in the record shows that Hailstone moved for a change of venue. Furthermore, jurisdiction in Washington State is proper because T.H.'s injury occurred at Seattle Children's Hospital, located in Washington. The court did not err.

9

<u>Hailstone's Request for Compensation</u>

Hailstone requests this court to grant her "proper compensation," or the equivalent to attorney fees. This court has held that pro se litigants are generally not entitled to fees associated with representing themselves. *In re Marriage of Brown*, 159 Wn. App. 931, 938, 247 P.3d 466 (2011). Hailstone's request for compensation is denied.

We affirm.

WE CONCUR: